### PINCERS *vs.* ROBERTSON and others.

1. An answer, not verified as the practice of the court requires, will be suppressed.

2. When the verification of an answer is in the form of an affidavit, the name of the deponent must be subscribed at the foot of the affidavit; when, in the form of a certificate of the officer who administered the oath, the name of the deponent should be subscribed to the answer.

---

On motion to suppress answer.

*Mr. C. Parker*, for the motion.

*Mr. N. Perry, Jun.,* contra.

THE CHANCELLOR.

A motion is made to suppress the answer of the defendants, on the ground that it is not verified as the practice of the court requires. That which purports to be an affidavit to it is not signed by the defendants, nor by either of them, though the jurat states that it was both sworn and subscribed. The

jurat itself is not signed. A signature, purporting to be that of a justice of the peace, appears at the foot of the affidavit, in the place where the affiants should have signed. The answer is signed by solicitor and counsel, but not by the defendants, or either of them. It bears evidence that it was signed by them, and their signatures erased before it was filed. The practice of this court requires, that where the verification of an answer is in the form of an affidavit, the name of the deponent be subscribed at the foot of the affidavit; and where the verification is in the form of a certificate of the officer who administered the oath, the name of the deponent should be subscribed to the answer. The object is to facilitate identification of the affiant in case of prosecution for perjury. *Hathaway* v. *Scott,* 11 *Paige* 173, 176; *Anderson* v. *Stather,* 9 *Jur.* 1085; *Daniell's Ch. Pr.* (*4th ed.,*) 746. The answer will be taken from the files.