## Samuel Torrans v. David F. Hicks.

*Decree: Collateral attack: Irregularities: Jurisdiction.* The validity of a decree of foreclosure cannot be attacked collaterally for mere irregularities which do not go to the jurisdiction.

*Decree: Subpœna: Attestation: Deputy register: Irregularity.* An objection to such decree, that the subpœna, which was signed by a deputy of the register, instead of the register himself, was not properly attested because the deputy was not an officer known to the law, if a valid objec-

tion under any circumstances, relates only to an irregularity not going to the jurisdiction.

*Equity pleading and practice: Absent defendant: Publication: Order: Affidavit: Subpœna.* Where a defendant in a foreclosure suit is proceeded against as a resident upon whom service cannot be made by reason of his absence from the state, an affidavit of complainant's solicitor, made upon his own knowledge, that such defendant is a resident of the county, that he left his residence some four months before and had not returned, and that subpœna cannot be served upon him by reason of his absence, is sufficient, without any attempt to make service of a subpœna, to warrant the granting of an order of publication.

*Absent defendants: Publication: Affidavit: Subpœna: Service: Return.* Where the defendant is brought in by publication, the question of the validity of the subpœna, which was issued and returned not served, is not involved where the order of publication was based on a sufficient showing by affidavit; and the fact that such subpœna was prematurely returned is unimportant.

*Affidavit: Misrecital: Name of affiant: Clerical error.* An affidavit of publication signed and sworn to by Charles H. Lee, which begins by the recital: "Fred. B. Lee, of said county, being duly sworn," etc., is held to be in legal effect the same that it would have been if in the body of it there had been no recital of any name as that of an affiant, and the misrecital is treated as a clerical error, and as such is overlooked.

*Order pro confesso: Affidavit of non-appearance: Decree: Jurisdiction.* The failure to file the affidavit upon which the order *pro confesso* was granted, until three days after that order had been entered, is an irregularity only; and where proper proof is subsequently filed before the decree is taken, the decree will not be treated as void for want of jurisdiction.

*Foreclosure sale: Order of confirmation.* The usual order *nisi* is a sufficient order of confirmation of a chancery foreclosure sale, if any order is requisite where the defendant has not appeared.

*Affidavits: Deputy register: Deputy clerk: Legal official: Mistake.* Affidavits in a chancery cause which are signed by the deputy register as the officer who administered the oath, are not void; the deputy register holding his position by virtue of being deputy county clerk, and the deputy clerk being an officer known to the law and authorized as such to administer oaths, the subscription "deputy register," instead of "dep uty clerk," may well be regarded as a mere mistake in the legal designa tion of his office.

*Deputy register: Legal official.* Whether the deputy of the register is not, as such, a legal official:—*Quære?*

*Submitted on briefs and decided June 18.*

Error to Muskegon Circuit.

This was an action of ejectment brought by Torrans against Hicks. The judgment below was in favor of defendant, and plaintiff brought error.

*Cook & Campbell,* for plaintiff in error.

*Smith, Nims & Erwin* and *Eggleston & Kleinhans,* for defendant in error.

TORRANS v. HICKS.

COOLEY, J:

The questions in this case relate to the validity of fore-closure proceedings, under which defendant claimed title.

1. It is objected that the subpœna was not properly attested, it being signed by a deputy of the register, instead of the register himself, and the deputy, as is claimed, not being an officer known to the law. But if there is any thing in this, it was a mere irregularity, and does not go to the jurisdiction. And in this case the subpœna not being served is of no importance.

2. Torrans, the defendant in the foreclosure proceedings, was proceeded against as a resident upon whom service could not be made by reason of his absence from the state. It is objected that there was no sufficient proof of the inability to make service upon him. The proof consisted of a subpœna returned prematurely, and an affidavit of complainant's solicitor, made upon his own knowledge, that Torrans was a resident of Muskegon county, and that he left his residence some four months before and had not returned, and that subpœna could not be served upon him by reason of his absence. This affidavit was sufficient, irrespective of the attempt to make service of the subpœna.

3. What purports to be an affidavit of publication of the order for the appearance of the defendant is signed by Charles H. Lee, but it begins by the recital that "Fred. B. Lee, of said county, being duly sworn," etc. This, it is claimed, is a mere nullity. If it is the affidavit of Fred. B. Lee, it is a nullity, because he does not sign or swear to it; and if it is the affidavit of Charles H. Lee, it is equally invalid, because the recitals in it relate to Fred. B. Lee, and not to Charles H. Lee. We think, however, that the recital of the name of Fred. B. Lee in the beginning of the affidavit is apparently a clerical error, and to be over-looked as such. Charles H. Lee makes the oath, and had the name been omitted in the beginning, there would have been no difficulty in holding that the affiant was applying the facts recited to himself. But this affidavit is in legal

effect the same, we think, that it would have been if in the body of it there had been no recital of any name as that of an affiant.

4. The affidavit on which the order *pro confesso* was entered was filed three days after that order. This was an irregularity, but as the proof was filed before the decree was made, there was no want of authority to make the decree.

5. Some criticism is made upon an order of confirmation of the sale which was entered in the case. It was the usual order *nisi*, and was sufficient, if any order is requisite in a case where the defendant has not appeared. That is a question which does not arise here.

6. The affidavits in the case are all signed by the deputy register. These are said to be void. The deputy register holds that position by virtue of being deputy clerk. The deputy clerk is an officer known to the law and entitled as such to administer oaths. The subscription deputy *register*, instead of deputy *clerk*, may well be regarded as a mere mistake in the legal designation of his office. We do not concede, however, that the deputy of the register is not, as such, a legal official.

The judgment must be affirmed, with costs.

The other Justices concurred.