Margaret Barbieri, defendant, in her counter-claim for divorce, alleges that her maiden name is "Margaret Hollman."
The affidavit of non-collusion is as follows:
"STATE OF NEW JERSEY, | ss.
COUNTY OF HUDSON, |
Margaret Hollman, being duly sworn according to law, on her oath deposes and says: That she is the counter-claimant named in the foregoing counter-claim, and that her counter-claim is not made by any collusion between her and the petitioner herein, but in truth and good faith and for the causes set forth in said petition.
MARGARET BARBIERI."
"Subscribed and sworn to before me this 25th day of October, 1920.
 FREDERICK R. JEESE, Attorney-at-Law of New Jersey."
The case was tried, and thereafter, on examining the papers, the mistake of inserting the maiden and not the marriage name in the body of the affidavit was discovered. The question then arises, Does this mistake render the affidavit invalid? If it does, then the complainant cannot be heard on her counter-claim.
In the case of Torranse v. Hicks, 32 Mich. 307, the affidavit began with a recital that "Fred B. Lee of said county, *Page 82 
being duly sworn," c., it was signed "Charles H. Lee," Judge Cooley said that "the recital of the name of Fred B. Lee in the beginning of the affidavit is apparently a clerical error, and to be overlooked as such. Charles H. Lee makes the oath, and had the name been omitted in the beginning there would have been no difficulty in holding that the affiant was applying the facts recited to himself. But this affidavit is, in legal effect, the same we think, that it would have been, if in the body of it there had been no recital of any name as that of an affiant.
In People v. Sutherland, 81 N.Y. 1, the court of appeals held that the name of the affiant need not be inserted in the body of the affidavit, it was sufficient if subscribed and sworn to before a proper officer — that the test of a good affidavit was, could perjury be assigned on it, and this called for the identity of the person making oath who "takes on responsibilities and incurs liability to the criminal law if he utters willful falsehood.". In this opinion are cited Bac. Abr. tit."Affidavit," and a number of English cases.
In Pincers v. Robertson, 24 N.J. Eq. 348, Chancellor Runyon said, speaking of the signing of the affidavit by deponent at the foot thereof: "The object is to facilitate identification of the affiant in case of prosecution for perjury."
In 3 Greenl. Evid. (16th ed.) 194 § 192, the author says: "The rule in these cases seems to be this: that the proof must be sufficient to exclude the hypothesis that the oath was taken by any other person but the prisoner."
In this case the proof is plain that the affidavit was that of Margaret Barbieri. She says in her counter-claim that her maiden name was Margaret Hollman, which is true; her affidavit begins Margaret Hollman being duly sworn, c., which was a clerical error in stating her maiden and not her marriage name; she then signs her marriage name, and the officer in the jurat says that it was "subscribed and sworn to before me," and, turning to the subscription, the affidavit is correctly signed "Margaret Barbieri."
Thus her identity is clearly fixed, and if her affidavit is false, the above facts afford proof of perjury.
 My conclusion is that the affidavit is sufficient. *Page 83