POMA *v.* PEOPLES WAYNE COUNTY BANK.

1. Garnishment—Statute Must be Followed Strictly.
   Garnishment is harsh remedy, and statute must be followed strictly.

2. Same—Misrecital of Affiant's Name Not Fatal.
   Misrecital of affiant's name in body of affidavit for writ of garnishment was not fatal defect, but was mere clerical error which did not invalidate writ.

Appeal from Wayne; Browne (Clarence M.), J., presiding. Submitted January 19, 1932. (Docket No. 177, Calendar No. 36,146.) Decided April 4, 1932.

Assumpsit in common pleas court by Michele Poma against Peoples Wayne County Bank for a savings deposit. Judgment for plaintiff. Defendant appealed to circuit court. Judgment for plaintiff. Defendant appeals. Reversed, and judgment ordered entered for defendant.

*John A. Cassese,* for plaintiff.

*Arthur F. Ritchie* and *Roy G. Holmes,* for defendant.

Clark, C. J. Michele Poma, the plaintiff, sued defendant bank for a deposit evidenced by savings passbook. The defense is that at the suit of Associates Investment Company, a corporation, as plaintiff, against Poma, in which such plaintiff had judgment, defendant was garnishee of Poma and disclosed the indebtedness to him, upon which and pur-

suant to statute judgment was rendered against defendant as garnishee, which judgment defendant paid. The garnishment proceedings are conceded regular except the affidavit for the writ. The affidavit recites that "Howard C. Chilson of Detroit, being duly sworn, deposes and says that he is attorney for and makes this affidavit for and in behalf of," etc., that "deponent further says," etc., usual recitals, and the affidavit is subscribed and sworn to by Joseph C. Glazer. The misrecital "Howard C. Chilson" was urged and held to be a fatal defect. Plaintiff had judgment. Defendant has appealed.

It has been said many times that garnishment is a harsh remedy and the statute must be followed strictly. It has also been said many times that proceedings for substituted service must be strictly regular, the statutes must be strictly complied with. Yet, in case of an affidavit of publication, containing recital "Fred B. Lee of said county, being duly sworn," etc., and subscribed and sworn to by Charles H. Lee, it was held rightly in *Torrans* v. *Hicks,* 32 Mich. 307, opinion by Mr. Justice Cooley, that the misrecital was apparently clerical error and not fatal, and it was said:

"But this affidavit is in legal effect the same, we think, that it would have been if in the body of it there had been no recital of any name as that of an affiant."

Howard C. Chilson was not the affiant, and recital of his name is clerical error, so it is overlooked, and the affidavit treated as though no name of an affiant were there recited.

The affidavit then reads, "————, being duly sworn, deposes and says," etc. But who deposes and says? The answer follows in next paragraph of the

affidavit, "deponent *further* says." So the entire affidavit is by deponent, Joseph C. Glazer, who subscribed and was sworn. The affidavit is not fatally defective, and, if perfection of record were desired, it might be amended.

Reversed, with costs, and remanded with direction to enter judgment for defendant.

MCDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred. FEAD, J., did not sit.