PEOPLE'S WAYNE COUNTY BANK *v.* STOTT.

1. Garnishment—Statute Must be Strictly Followed.

   Garnishment proceeding is special and statutory, affording a harsh remedy, and one pursuing it must bring himself within the statute and follow its mandates.

2. Same—Requirements of Statute are Jurisdictional.

   The requirements of the statute (3 Comp. Laws 1915, § 13122 *et seq.*) outlining the steps which must be taken in order to vest the court with jurisdiction over the person of the garnishee and the property in his hands belonging to the principal defendant, and providing that on filing of a proper affidavit a writ of garnishment shall issue and shall be served by the sheriff, who shall make due return, or if served by an individual he shall make affidavit showing service, are jurisdictional, and, unless strictly complied with, the court has no authority to proceed with the garnishment suit.

3. Same—Garnishee May Not Waive Jurisdictional Requirements of Statute.

   The garnishee may waive a strict compliance with the statute so far as he is personally affected, but he cannot waive for the principal defendant.

4. Same—Absence of Evidence Showing Compliance With Jurisdictional Requirements Fatal.

   Where there was no evidence before the circuit court showing that a writ of garnishment had been issued and served, as required by the statute, it was without jurisdiction to proceed further in the suit, and it should have been dismissed.

Certiorari to Wayne; Keidan (Harry B.), J. Submitted January 23, 1929. (Docket No. 82, Calendar No. 34,083.) Decided March 29, 1929.

Garnishment proceedings by People's Wayne County Bank, assignee of a judgment obtained against Arthur F. Stott, principal defendant, and

Stott Realty Company, garnishee defendant. To review an order refusing to dismiss the garnishment proceedings, defendant Arthur F. Stott brings certiorari. Garnishment proceedings dismissed.

*Lightner, Oxtoby, Hanley & Crawford*, for plaintiff.

*Edward N. Barnard*, for defendant Stott.

McDonald, J. The defendant, Arthur F. Stott, reviews by certiorari an order of the circuit court of Wayne county refusing to dismiss certain garnishment proceedings.

On January 20, 1926, the People's State Bank, a Michigan corporation, began suit against Arthur F. Stott, and on March 5, 1928, recovered a judgment against him in the sum of $24,952.40. At the time of the commencement of the suit, an affidavit for writ of garnishment was filed, and it is claimed a writ was issued in which the Stott Realty Co., a Michigan corporation, was named garnishee defendant. On April 2, 1926, the garnishee filed a disclosure in which it stated that it had in its possession 10,671 shares of stock of the Stott Realty Company belonging to the defendant in the principal suit, on which it had a lien for $127,299.25. On May 16, 1928, the judgment obtained in the principal suit was assigned to the People's Wayne County Bank. After the disclosure on April 2, 1926, no further action was taken in the garnishment case until July 28, 1928, when the plaintiff moved for the appointment of a receiver to take possession of and sell the shares of stock in the custody of the garnishee. The principal defendant appeared specially and opposed the motion. On the hearing it was granted, and the Guardian Trust

Company was appointed receiver. The principal defendant then appearing specially filed a written motion to set aside the order appointing a receiver and to dismiss the garnishment proceedings on jurisdictional grounds. This motion was denied, and the principal defendant seeks to review it by certiorari.

"In considering the question here involved, we must take into consideration that the proceeding in garnishment is special and statutory, affording a harsh remedy, and that one pursuing it must bring himself within the statute and follow its mandates." *W. H. Warner Coal Co.* v. *Nelson,* 204 Mich. 317.

The statute (3 Comp. Laws 1915, § 13122 *et seq.*) outlines the steps which must be taken in order to vest the court with jurisdiction over the person of the garnishee and the property in his hands belonging to the principal defendant. On the filing of a proper affidavit, a writ of garnishment shall issue and shall be served by the sheriff, who shall make due return. If served by an individual, he shall make affidavit showing service as required by law (3 Comp. Laws 1915, § 12425). These requirements of the statute are jurisdictional. Unless strictly complied with the court has no authority to proceed with the garnishment suit.

In the instant case, it is conceded that there is no writ of garnishment, and no return of an officer or affidavit of an individual as to service in the files and records. We have before us a complete copy of the calendar entries, on which nothing whatever appears regarding the issuance of the writ and return of service. There is therefore no evidence of record showing that a writ was issued and served on one who could properly be served, unless, as plaintiff claims, the admissions in the disclosure are sufficient evidence of that fact. There are such admissions in

the disclosure, but they are not binding on the principal defendant. The garnishee may waive a strict compliance with the statute so far as he is personally affected, but he cannot waive for the principal defendant. The rule is well stated in *Bristol* v. *Brent,* 36 Utah, 108 (103 Pac. 1076, 140 Am. St. Rep. 804, 21 Ann. Cas. 1125), as follows:

"The regularity of this service, in so far as it is personal to the garnishee, may be waived by him, and he may appear before the court either in person or by answer if the law authorizes one to be made and filed, and thereby confer jurisdiction over his person. But, when the garnishee has thus conferred jurisdiction upon the court over his person, only one of the essential elements to its complete jurisdiction to proceed in the case is present. The other, jurisdiction over the *res,* is still lacking. While the defendant no doubt may insist that, unless the court have jurisdiction over the person of the garnishee, the debt owing from the garnishee to the defendant cannot be seized, yet the defendant cannot prevent the garnishee from waiving any defects in the service in so far as it affects merely the jurisdiction of the court over the person of the garnishee. But when it affects the *res,* the very thing to be taken from the defendant, he may insist on a full compliance with the law, and, without such compliance, the court can acquire no jurisdiction over it without the consent of the defendant. Whether the court has jurisdiction over the *res* or not therefore * * * depends entirely on whether the statute by virtue of which alone the court is authorized to act has been complied with. If the return of the officer discloses an essential defect in this regard, the court is without power to proceed."

See, also, *Hebel* v. *Amazon Ins. Co.,* 33 Mich. 400. And in *Ettelsohn* v. *Fireman's Fund Ins. Co.,* 64 Mich. 331, this court said:

"Neither can any substantial requirement of the statute be waived in any of the proceedings by the debtor garnished, because others have an interest in the result quite equal with those of the parties to the suit."

In his work on Garnishment, § 277, Prof. Rood says:

"All that has been said of the service of the writ applies with equal force to the return, for the return is the officer's report of his doings under the writ. It should be indorsed upon the writ, or made upon a paper annexed thereto; for the writ and return constitute, essentially, one record, and must go together. Whatever the statute requires to be done in the service of the writ, the return must show to have been done; and, unless it shows that due service has been made, the court has before it no proper evidence upon which to base any further proceedings. Its absence cannot be cured by the garnishee's signed admission of due service."

In this case, when the circuit judge appointed a receiver, there was no evidence before him that the writ of garnishment had been issued and served as required by the statute. Therefore he was without jurisdiction to take any action in the proceedings.

The order appointing the receiver must be set aside, and the garnishment cause dismissed, with costs to the defendant Arthur F. Stott.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.