## MAYER *v.* MAYER.

1. DIVORCE—DIVISION OF PROPERTY—EQUITY.

Decree of divorce based on husband's misconduct with another woman after living with plaintiff 25 years, giving her homestead and other property worth $15,000 to $18,000 and $50 a month for life and custody of mentally underdeveloped son, thereby leaving defendant $24,000 worth of property, is not disturbed as inequitable notwithstanding husband had inherited all of land or purchased it with inherited money.

2. SAME—SECURITY OF LIVING FOR WIFE.

There is no rigid rule of division of property in divorce proceedings, major consideration being the security of living for the wife.

Appeal from Washtenaw; Sample (George, W.), J. Submitted January 16, 1934. (Docket No. 87, Calendar No. 37,553.) Decided March 6, 1934.

Bill by Martha Mayer against Junius J. Mayer for absolute divorce. Decree for plaintiff. Defendant appeals. Affirmed.

*Frank B. DeVine,* for plaintiff.

*Jacob F. Fahrner* and *Andrew J. Sawyer,* for defendant.

FEAD, J. Defendant appeals from that part of a decree of divorce dividing the property.

The parties lived together contentedly for about 25 years. Their separation and divorce were caused by the relations of defendant with a woman whom he met in Detroit about two years ago and for whom he was willing to leave his family and home. The parties have one child, a son 26 years old, underdeveloped mentally, able to do much simple farm work but needing direction and personal care. He lives with his mother.

The parties have always lived on a farm. Both are industrious and frugal and, except for defendant's lapse, bear excellent reputations. Defendant also has established a business in sale of tractors and farm implements, which he conducted from the homestead.

The family home is a farm of 150 acres, inherited by defendant. He owns also a farm of 40 acres, a half interest in 140 acres, a house and lot in Ann Arbor, and personal property. The court awarded plaintiff the homestead, some live stock, farm tools and one automobile, together worth from $15,000 to $18,000, and ordered defendant to pay her $50 per

month during her lifetime, with the understanding that as long as the son makes his home with plaintiff defendant should not be liable for any additional sum for his support. The property retained by defendant is worth $24,000. He complains that he cannot conduct his tractor business anywhere else than on the homestead and offered to give plaintiff all the rest of the real estate if he could have the home.

Defendant inherited all the land or purchased it with inherited money. However, plaintiff assisted him in conserving it and in acquiring personal property. The property does not admit of ready division upon the basis of values alone. The proportion of worth of the award to the wife is rather more than is usual. But there is no rigid rule of division and the security of a living for the wife is a major consideration. It does not appear that the homestead may be divided conveniently. It does not appear that other property would be as suitable for the wife's livelihood. She ought not to be driven from her home because of defendant's misconduct. Defendant's business can be readily established elsewhere. We think the court reached an equitable result and it should not be disturbed.

Affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.