ROBINSON *v.* ROBINSON.

1. DIVORCE—SETTLEMENT OF DECREE—NOTICE—TRIAL DE NOVO ON APPEAL.

Notice of settlement of decree of divorce should be served upon opposite party or counsel but failure to give such notice loses force on appeal where case is heard *de novo* (3 Comp. Laws 1929, § 14121).

2. SAME—DIVISION OF PROPERTY—EQUITY.

While there is no rigid rule of division of property in divorce proceedings, the division must be equitable.

3. SAME—MODIFICATION OF DECREE—LIENS.

Decree in divorce proceedings making division of property is modified to grant wife a lien on certain realty for payment by cash or in securities of half of proceeds of note made by his father and mother to husband as payee in consideration for joint services and loan which note husband had failed to present as claim against his father's estate.

4. SAME—EQUITY—BURNED BARNS—INSURANCE.

Impropriety, if any, of decree awarding one of several farms to plaintiff upon which a barn was burned before decree was signed *held*, cured as to this division by award of fire insurance to plaintiff.

5. SAME—CASH SURRENDER VALUE OF LIFE INSURANCE POLICY.

Court's statement that property of childless couple who had been married 24 years should be divided substantially equally *held*, to require that wife be entitled to one-half the cash surrender value of husband's life insurance policy in which he had changed the beneficiary from wife to mother, where premiums had been paid from joint funds of the couple.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 22, 1936. (Docket No. 40, Calendar No. 38,742.) Decided April 7, 1936.

Bill and cross-bill for divorce between Myrtle B. Robinson and Robert L. Robinson on ground of ex-

treme cruelty. Plaintiff appeals from provisions of decree as to division of property. Modified and remanded.

*William J. Branstrom,* for plaintiff.

*Harry W. Jackson,* for defendant.

BUTZEL, J. The parties to this action had been married for over 24 years when plaintiff was granted a decree of divorce on the ground of extreme cruelty. They had no children. They were frugal, industrious and honest. Defendant's father owned a farm of 150 acres on which there were two houses, one of which he had erected as a home for defendant and plaintiff. His father also owned a half interest in a 40-acre tract across the road from the larger farm, defendant owning the other half. The property is situated in Muskegon county. Upon the death of plaintiff's father, her mother came to live with them. Defendant, on the other hand, upon the death of his father, moved to his mother's home and refused to have anything further to do with plaintiff, notwithstanding overtures made by her for his return and her offer to have her mother leave the home. He professed his respect but utter lack of love for plaintiff. During over 24 years while the parties lived together, plaintiff not only looked after the duties of the household and also assisted in the housework of defendant's parents, but also helped to do the chores around the farm as well as some actual field work. The parties accumulated considerable savings and loaned out money on mortgages. Defendant frankly admits that he recognized at all times that his wife was entitled to one-half of the joint savings. The trial

judge after attempting a reconciliation, filed an opinion stating that there should be an equal division of most of the property. About three months later, he entered a decree without giving notice of settlement to plaintiff or her attorney. A copy of the proposed decree with notice of settlement should have been served upon plaintiff's attorney. 3 Comp. Laws 1929, § 14121. The failure, however, to give such notice loses its force in the instant case as we consider it *de novo*.

Neither of the parties complain of the provisions of the decree granting the divorce. Plaintiff, however, contends that there was not an equitable division of the property. There is no rigid rule of division of property in divorce proceedings but the division must be equitable. *Mayer* v. *Mayer*, 266 Mich. 241. On March 14, 1932, defendant's father and mother executed a note to defendant for the sum of $4,988, payable with interest at six per cent. within 12 months after date. The note represented payment for services performed by plaintiff and defendant for the latter's father as well as a loan of $1,600 cash, or thereabouts. Some time prior to the beginning of the proceedings defendant, upon his father's death, inherited his father's 170 acres of farm subject to a life interest in defendant's mother, who is 76 years of age. The mother inherited the personal property on the farm. Defendant did not present the note as a claim against his father's estate, which was closed on October 24, 1933. His failure to prove the claim is explained by his interest in the estate. The statutory time for proving the claim has gone by. The court in its opinion recognized plaintiff's rights in one-half of the proceeds of the note and the decree so provided, stipulating that the note should be filed with the

clerk of the court for the benefit of each of the parties. Plaintiff, as owner of a one-half interest in the note, however, should have a means of collecting such interest. Defendant, therefore, is ordered to pay such amount with interest to plaintiff, and to secure payment, plaintiff shall be entitled to a first lien on defendant's interest in the real estate inherited from his father, the lien also to extend to his one-half of the 40 acres opposite the parental farm. Certain government bonds and mortgages, held jointly by plaintiff and defendant, were divided by the trial judge. Sufficient of defendant's one-half interest, at the present value of the securities, should be turned over to plaintiff to apply on this claim, unless defendant chooses to pay in cash. If insufficient, the defendant should have a reasonable time to be determined by the trial judge, to pay any balance.

Plaintiff and defendant were the joint owners of a 40-acre farm in Ottawa county. The trial judge awarded this farm to plaintiff. On the other hand, he gave defendant his interest in the 170 acres inherited from his father and also the 20 acres, consisting of the one-half interest in the 40 acres he had owned with his father. He made no other allowance for plaintiff's dower interest in defendant's real estate. Subsequent to the hearing in the case, the barn on the 40-acre farm in Ottawa county was damaged or destroyed by fire. Plaintiff's attorney claims that defendant's attorney must have had an opportunity of discussing the terms of the decree with the trial judge who thus learned of the fire, plaintiff's attorney asserting that he had no opportunity to argue the settlement of the decree and that the value of the parcel greatly diminished. The court, however, awarded the fire insurance to plain-

tiff and cured the impropriety, if there were any, of this particular division.

Although the court in its opinion stated that plaintiff should be entitled to substantially one-half of the property accumulated by the parties, it gave plaintiff no interest in a life insurance policy for $1,000 carried by defendant with the Manufacturers Life Insurance Company. The premiums on the policy were paid out of the joint earnings of both parties. The policy had been payable to plaintiff and after the suit was begun defendant availed himself of the right to change the beneficiary and substituted his mother for the plaintiff. Plaintiff is entitled to one-half of the cash surrender value of the policy and the decree will so provide. We do not care to disturb the findings of the trial judge in regard to household furniture, farm implements and live stock. The case is remanded to the trial court for the purpose of settling a decree in accordance with this opinion. It may be possible that on such settlement a reconciliation may be effected between the parties so that, after living happily together for over 24 years, they may resume the relations of husband and wife with mutual love and respect for one another. Plaintiff will recover costs in both courts.

North, C. J., and Fead, Wiest, Bushnell, Edward M. Sharpe, Potter, and Toy, JJ., concurred.