BOLD *v.* BOLD.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.

    In wife's suit for divorce, testimony *held,* sufficient to support the granting of a divorce on the ground of extreme cruelty.

2. SAME—DIVISION OF PROPERTY—MODIFICATION OF DECREE.

    Where 38-year-old wife was awarded divorce from husband, 52 or 53 years old, because of his cruelty and she had separate earnings derived from work outside of the home during much of their 22 years of married life, award to wife of homestead valued at $5,250, subject to $2,500 lien for husband is modified to increase award to her by $1,000, but no modification is made of award to each of one of two lots they had purchased, to the wife of the household goods valued at $350, to the husband of stock valued at $175, $1,125 of United States savings bonds and $500 held for him by a friend and requirement that defendant pay $8 a week to the friend of the court for support of small boy whose custody was given to the mother.

3. SAME—COSTS—FEES—SUPREME COURT.

    No additional costs or fees in Supreme Court are awarded plaintiff wife in view of substantial modification of the decree in her favor.

4. SAME—EXCLUSIVE OCCUPANCY OF HOME BY WIFE.

    Where home of the parties to suit for divorce was purchased jointly and wife becomes the sole owner thereof following decree of divorce, she is entitled to the exclusive occupancy thereof as a matter of course.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted June 6, 1946. (Docket No. 58, Calendar No. 43,108.) Decided September 11, 1946.

Bill by Eleanor L. Bold against Nicodin Bold for divorce on ground of extreme and repeated cruelty.

Decree for plaintiff. Plaintiff appeals from portion of decree relating to division of property. Modified and affirmed.

*Roy G. Lord,* for plaintiff.

BUTZEL, C. J. Eleanor L. Bold brought suit for divorce against Nicodin Bold, charging him with extreme cruelty. They were married in 1923. They had two children, a daughter 19 years of age and a son slightly over four years of age at the time of the hearing. The trial court properly examined the grounds for divorce, notwithstanding the fact that defendant seemed willing that plaintiff be granted a divorce.

Although plaintiff prevailed in the lower court, she has appealed on the ground that she did not receive a sufficient amount in the division of the property. In support of such claim she cites the following facts: that defendant's conduct was the cause of the divorce; that she had been a good wife and attended to the household duties and the care of the children; that for the larger part of their 22 years of married life she contributed to the support of the family and the purchase of the real estate by her separate earnings derived from working in factories and in large department stores, in one of which stores she worked for more than eight years; that for 2 or 3 years during the depression, while defendant was out of work, plaintiff was the sole support of the family.

Defendant also was industrious, but was addicted to the constant use of intoxicants in limited quantities and to gambling, although, as a rule, for very low stakes. This constituted his form of recreation. The record does not bear out plaintiff's charges that

defendant was constantly intoxicated and squandered his money in gambling. It does show that in a fit of intoxication defendant came home one day, while plaintiff was on a ladder cleaning the walls; that he destroyed the ladder with a pickaxe, with which he also threatened plaintiff, who hurriedly locked the door and called the police. There was sufficient testimony to support the granting of a divorce on the ground of cruelty.

A few years after the marriage the parties bought, as tenants by the entirety, a house and lot for the stated consideration of $6,800. At the time of the hearing, some 20 years later, it was valued by the trial court at $5,250. There is still a balance due on the mortgage which with unpaid taxes amounts to about $500. Plaintiff has approximately $2,000 in United States postal savings, $550 in United States savings bonds, 250 shares in a brewery company. The household goods in the main were purchased by plaintiff, some from the large department stores in which she had worked. The judge found the household goods were worth $350.

The parties acquired through purchase on land contract two lots on Seven Mile road in Detroit for the stated consideration of $2,400. Defendant made the down payment of $200 on the contract and plaintiff claims she paid the balance including interest and taxes. Defendant, in addition to his interest in the homestead and the lots on Seven Mile road, also owns 25 shares in the brewery company's stock, one share of stock of the value of $62.50, in a motor company, $1,125 of United States savings bonds and $500 in cash held for him by a friend. He sold his automobile shortly after this case was commenced for the sum of $375, which sum, he testified, he used for the payment of attorney fees. The brewery stock is valued at 70 cents a share.

The trial judge awarded to plaintiff the homestead subject to a lien of $2,500 in favor of defendant which amount plaintiff was ordered to pay in 60 days. He awarded each party one of the lots on Seven Mile road and gave plaintiff the household goods. The court gave defendant the entire 275 shares of brewery stock, the one share of motor stock, and permitted him to keep his $1,125 of United States savings bonds and the $500 held for him by a friend. The care, custody and education of the small child, subject to defendant's right to be with him on frequent occasions, was awarded to plaintiff. Defendant was ordered to pay $8 a week to the friend of the court for the support of the child, for whom he appears to have a genuine fondness.

The trial judge in dividing the property stated that he took into consideration the ages of the parties and their ability to continue to work in the future; that he made larger provisions for the plaintiff because she had been provident and frugal. He must also have been impressed with the fact that she had contributed such a large proportion of the savings through her own industry. She was entitled to a large share. *Rice* v. *Rice*, 256 Mich. 287. Defendant's cruelty to her brought about the separation.

Plaintiff was 38 years of age, defendant 52 or 53 at the time of the hearing. In 1943, defendant, an auto worker, earned $3,833.61, and up to September 17, 1945, $2,325.04. Taking into consideration the fact that plaintiff was not awarded any alimony for her support, as well as all the other circumstances, we hold that plaintiff should be awarded an additional $1,000, so that the $2,000 she has in postal savings will be just sufficient to pay defendant $1,500 and also the liens against the homestead which she will need as a home for herself and the

child. The judge refused to allow plaintiff an additional attorney's fee. In view of the modification of the decree, plaintiff will not be awarded any additional fees or costs of this court. Plaintiff asks that the decree specifically state that she is entitled to the exclusive ownership and occupancy of the home. This would follow as a matter of course when plaintiff becomes the sole owner.

The decree of the lower court as modified is affirmed, and a decree will be entered in this court in accordance with this opinion.

Carr, Bushnell, Sharpe, Boyles, Reid, and North, JJ., concurred. Starr, J., took no part in the decision of this case.