McCOY v. McCOY

1. DIVORCE—RESERVATION OF POWER TO AWARD ALIMONY.
   A trial court has power to reserve the right to award alimony
   in the future although decree of divorce did not, in terms,
   award alimony for the support of the wife.

2. SAME—RESERVATION OF POWER TO AWARD ALIMONY—MODIFICA-
   TION OF DECREE.
   In the absence of a provision awarding alimony for the support
   of a divorced wife, or the reservation of the right to make
   such provision in the future, the decree is not subject to sub-
   sequent modification in that regard.

3. SAME—RESERVATION OF POWER TO AWARD ALIMONY—DIVISION OF
   PROPERTY—SUPPORT OF CHILDREN.
   Circumstances surrounding divorce of parents of eight children,
   the youngest two of whom were 14 and 16 years of age *held*,
   to warrant court's reservation of power to award alimony in
   the future, in view of division of property interests, award of
   support for children, the fact that no alimony was awarded
   to wife, and of defendant husband's earning .ability.

4. SAME—DIVISION OF PROPERTY—EQUITY.
   The determination as to whether division of property by decree
   of divorce was equitable is not governed by set rules but.
   each case involving it must be decided on the basis of the
   facts involved.

5. SAME—DIVISION OF PROPERTY—RECORD.
   In suit for divorce where there was testimony as to husband's
   assets and past income, the record of assets shown must be
   accepted as conclusive for purpose of determining equity of
   division of property notwithstanding he was unable to ac-
   count for all the moneys he had received during the years
   preceding the trial.

6. SAME—DIVISION OF PROPERTY—RESERVATION OF POWER TO AWARD ALIMONY.

Award of $10,000 cash to wife is reduced to $7,000 notwithstanding about $1,000 is necessary to make repairs on home of the parties, also awarded her, in view of reservation of power to order payment of alimony to wife.

7. SAME—DESIGNATION OF BENEFICIARIES IN INSURANCE POLICIES—STATUTES.

In view of absence of provision of decree of divorce respecting wife's designation as beneficiary in husband's insurance policies, decree is ordered modified to contain provision directing that beneficiary therein be his estate or such beneficiaries as he might designate to accord with pertinent statute (3 Comp. Laws 1929, § 12766, as amended by Act No. 220, Pub. Acts 1939).

8. SAME—COSTS—REDUCTION OF CASH AWARDED.

No costs are allowed where there is a reduction ordered on appeal in cash awarded to wife in decree of divorce.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 14, 1947. (Docket No. 38, Calendar No. 43,588.)   Decided April 17, 1947.

Bill by Emily M. McCoy against Walter T. McCoy on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Modified and affirmed.

*Glenn M. Coulter* (*Jack Newcombe,* of counsel), for plaintiff.

*Tilden M. Gallagher,* for defendant.

CARR, C. J.   Plaintiff and defendant were married in 1917, and continued to live together as husband and wife until July, 1944. There are eight children, the two younger children being respectively, 14 and 16 years of age at the present time. On Novem-

ber 10, 1944, plaintiff filed suit for divorce on grounds of extreme and repeated cruelty. Defendant filed an answer to the bill but subsequently withdrew it. On the trial, however, he was called for cross-examination and testified at some length as to his property and earnings. Following the hearing the trial judge rendered a decree, filed May 1, 1946, granting a divorce to plaintiff on the grounds alleged in the bill of complaint, specifically awarding to her the custody of the four younger children of the parties and requiring defendant to pay $50 a month for each of said children until each attained the age of 17 years, or until each graduated from high school, or ceased attendance at high school. The decree further reserved the right to the court to pass on the question as to whether defendant should be required to contribute to the college education of any of the said children and, also, reserved to plaintiff the right to seek an allowance for permanent alimony for her support as each child reached the age of 18 years, or terminated high school attendance. In the division of the property interests of the parties plaintiff was awarded the home, the furniture therein, and the sum of $10,000 in cash or bonds of equivalent value. Defendant was also required to pay all proper medical, dental and hospital expenses of each of the minor children during such time as their custody remains with plaintiff.

From the decree entered defendant has appealed, claiming that the question of awarding alimony for plaintiff's support should not have been reserved, and that the cash award made to plaintiff in the property division was so excessive as to be inequitable. The decree is not questioned in other respects. On behalf of appellee it is insisted that the trial judge properly exercised his discretion with reference to the matters in dispute and that the con-

clusions reached by him should not be disturbed on appeal.

The decree did not, in terms, award alimony to the plaintiff for her support. As before noted, it merely gave her the right to seek an allowance therefor in the future. Defendant's objection to such provision is not well founded. The trial court had the power to make the reservation in question in the decree, even though no award for the support of plaintiff presently was made. This question arose in *Adams* v. *Seibly,* 115 Mich. 402, where it was said:

"Ordinarily the question whether or not permanent alimony should be allowed is determined at the time the decree of divorce is announced (or, if not, it is later), by the same judge. He may withhold the decision of the alimony question for decision later, upon additional testimony, or upon the evidence produced at the hearing, if that subject has been gone into."

It has been repeatedly recognized by this Court that, in the absence of a provision awarding alimony for the support of a divorced wife, or the reservation of the right to make such provision in the future, the decree is not subject to subsequent modification in this regard. *Moross* v. *Moross,* 129 Mich. 27; *Mayer* v. *Mayer,* 154 Mich. 386 (19 L. R. A. [N. S.] 245, 129 Am. St. Rep. 477); *Mack* v. *Mack,* 283 Mich. 365. Such decisions recognize the right to incorporate in the decree a provision of the character here in question. In *Jaquish* v. *Jaquish,* 314 Mich. 386, the decree of the trial court was amended, on appeal, in such manner as to allow the divorced wife to petition in the future for an allowance of alimony for her support, the decree making no provision therefor presently. Under the circumstances disclosed by the record in the case at bar we think that the provision in question was entirely proper. Ob-

viously, it was the intention of the trial court to safeguard the support and maintenance of plaintiff.

This brings us to a consideration of the principal question in the case, namely, whether the division of the property interests of the parties, made by the decree of the trial court, was inequitable. The determination of the issue is not governed by set rules. It has been repeatedly recognized by this Court that the question must, in each case involving it, be decided on the basis of the facts. Citing *Mayer* v. *Mayer*, 266 Mich. 241, it was said in *Robinson* v. *Robinson*, 275 Mich. 420:

"There is no rigid rule of division of property in divorce proceedings but the division must be equitable."

See, also, *Manigold* v. *Manigold*, 304 Mich. 310, and *Bold* v. *Bold*, 315 Mich. 433.

Appellant does not object to the provision of the decree awarding the home, which the parties owned jointly, to plaintiff. The value of such property, including the furniture, was approximately $9,000. It is insisted, however, that the provision that defendant pay to plaintiff the sum of $10,000, in addition to the home, was not justified by the proofs. Total assets of the defendant, exclusive of his interest in the home in question, had a value, at the time of the trial, of approximately $19,000, said assets consisting of United States bonds, a cottage on Horicon lake, stock in the Horicon Land Company, the surrender value of an insurance policy, cash on hand or in bank, and stock in the company for which defendant worked. The record further discloses that defendant's gross income during the year preceding the trial, including his wages, bonuses, and dividends on stock, slightly exceeded $14,000. His average annual net income during the five years

beginning with 1940 and ending with 1944, was somewhat less than $10,000. While defendant, as a witness on the stand, was unable to account for all the moneys that he had received during the years preceding the trial it cannot be assumed, in the determination of the question before us, that he now has assets not shown by the evidence. The record must be accepted as conclusive.

In reserving the power to make an award of alimony in the future, as circumstances may require, the trial court doubtless took into consideration defendant's earning ability. It may be noted in this regard, however, that defendant is not under contract with his employer for any definite period of time and is subject to discharge at will. In view of the reservation of power to order, in the future, payments for plaintiff's support, we think that the sum of $10,000 ordered paid to her by the decree of the trial court was excessive and should be reduced to $7,000. We are not unmindful of the claim that the home needs certain repairs, and that approximately $1,000 will be necessary for that purpose. It may be assumed, however, that the value of the property will be increased in proportion to the expenditures made for repairs and improvements.

Defendant testified on the trial that he, at the time, had four insurance policies, two of which were so-called burial policies payable to his estate. The plaintiff is the beneficiary named in one of the remaining policies, and plaintiff and the family are so designated in the other policy, which has a cash surrender value of approximately $1,400. In preparing the decree counsel apparently overlooked the provisions of 3 Comp. Laws 1929, § 12766, as amended by Act No. 220, Pub. Acts 1939 (Comp.

Laws Supp. 1940, § 12766, Stat. Ann. 1946 Cum. Supp. § 25.131). Said section reads in part as follows:

"Hereafter every decree of divorce shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance, endowment or annuity upon the life of the husband in which she was named or designated as beneficiary, or to which she became entitled by assignment or change of beneficiary during the marriage or in anticipation thereof, whether such contract or policy was heretofore or shall hereafter be written or become effective, and unless otherwise ordered in said decree. such policy or contract shall thereupon become and be payable to the estate of the husband or to such named beneficiary as he shall affirmatively designate."

The policies held by the defendant do not appear in the record. If they reserve the right to the insured to change the beneficiary, the omission in the decree to award any interest therein to plaintiff leaves the policies payable to defendant's estate or to such beneficiary or beneficiaries as he may designate. *Minnesota Mutual Life Ins. Co. v. Hendrick,* 316 Mich. 253. In order to obviate any questions, however, that might otherwise arise in the future the decree to be entered will contain, as contemplated by the statute, a provision to that effect.

The decree of the trial court will be modified as herein indicated, and a decree will enter in this Court accordingly. In view of the deduction made in the cash award to plaintiff, no costs are allowed.

Butzel, Bushnell, Sharpe, Reid, North, and Dethmers, JJ., concurred. Boyles, J., concurred in the result.