## KOME *v.* KOME.

1. DIVORCE—CONDONATION—FRAUD—EVIDENCE.
   Findings of trial judge in proceeding to set decree of divorce aside that defendant had failed to substantiate his claim that wife had condoned his previous misconduct and that defendant's default was procured by wife's conduct whereby he was led to believe the case would not be further prosecuted are not disturbed, since the issues were questions of fact and the judge believed plaintiff.

2. SAME—CONDONATION—CONTINUANCE—TESTIMONY OF ADULT SON.
   Trial judge's denial of continuance to defendant in order to permit him to obtain service upon adult diabetic invalid son of the parties in controversy over whether or not condonation had been effected by parties to suit for divorce by resumption of marital relations *held,* not to have been an abuse of discretion.

3. SAME—DIVISION OF PROPERTY—MODIFICATION OF DECREE.
   Decree of divorce awarding plaintiff wife all of the property of the parties except a 1947 or 1948 station wagon and requiring defendant to pay plaintiff $50 every 2 weeks and keep up premiums on a $5,000 life insurance policy is modified by giving defendant a vacant lot worth $400, a half interest in the home valued at $13,000, but awarding plaintiff the entire income therefrom during her lifetime while she remains unmarried and requiring her to pay for upkeep and all taxes, back and current, and requiring defendant to pay all debts contracted in his name prior to the decree.

4. SAME—COSTS.
   No costs are allowed on husband's appeal in suit for divorce, where decree is substantially modified in his favor.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 896.
[2] 12 Am Jur, Continuances §§ 5, 23; 17 Am Jur, Divorce and Separation § 357.
[3] 17 Am Jur, Divorce and Separation §§ 445, 448.

Appeal from Kent; Soutar (Dale), J. Submitted October 9, 1952. (Docket No. 38, Calendar No. 45,-447.) Decided December 9, 1952.

Divorce proceedings by Elizabeth Dorothy Kome against William Kome. On defendant's petition to set aside default. Petition denied. Defendant appeals. Decree modified and affirmed.

*Linsey, Shivel, Phelps & Vander Wal,* for defendant.

BUTZEL, J. Elizabeth D. Kome, plaintiff, obtained a decree of divorce from William Kome, defendant. In the bill of complaint filed on February 21, 1951, she charged him with various acts of cruelty, including drunkenness, striking her, and association with a certain woman or women. The testimony on the hearing of the main case, after defendant's default was entered, does not appear in the record. In a petition to set aside the default and decree, defendant does not claim that the proofs at the original hearing were insufficient. He does claim that when his default was entered unbeknown to him, he believed the suit would no longer be prosecuted and that there was a condonation by the parties living and cohabiting together. Defendant also contends that in the division of the property it was error to award plaintiff almost 100% of all property he had any interest in.

Plaintiff is not well and is unable to work. The parties have 1 child, a son now 24 years of age, who is an invalid suffering from diabetes. He requires frequent medication and seems unable to work at steady employment. Defendant professes his love for his wife and his son. He works for a department of the State in Lansing, Michigan, where he remained 5 days a week and over week ends he went

home to Grand Rapids, Michigan, where the parties resided in a duplex which they jointly owned. They occupied the downstairs apartment as a home for themselves and their son, and rented the upstairs for $45 a month. There is a garage in the rear of the building from which the defendant claims an additional revenue of $5 a month can be obtained. This property is worth $13,000. The parties also own a vacant lot of the value of $400 in Grand Rapids. Defendant owns in his own name a 1947 or 1948 Ford station wagon. Defendant and his son also own a 1949 station wagon, the title being in their joint names. The home is fully furnished. After defendant was served with the original summons he spent 3 week ends at the Grand Rapids home and undoubtedly there was talk of reconciliation. Defendant testified that he was permitted by plaintiff to remain in the home, notwithstanding an injunction, and that after the first week there was a complete resumption of marital relations. Plaintiff with particularity absolutely denies this, although she did furnish him with some meals and permitted him to remain in the home, as he had no other place to go. He promised to stop drinking but when she found that he continued to purchase liquor supplies and there were indications that he had had a female companion in his car, she refused to allow him to re-enter the home. Her attorney notified him to refrain from going to the home if a reconciliation was to be worked out. Shortly after the bill was filed plaintiff signed a stipulation for temporary alimony and it was agreed that it was not to be filed as long as he made regular payments. On May 16, 1951, plaintiff's attorney notified defendant by letter to remain away from the home and that inasmuch as he had not mended his ways, a reconciliation could not be worked out at that time. On the following day defendant's default was filed. The

decree of divorce was filed on September 28, 1951, and defendant was given prompt notice thereof.

Defendant claims that he filed no answer to the bill of divorce because he was lulled to sleep by plaintiff's conduct and he was made to believe that the case would not be further prosecuted. About 3 weeks after defendant was served with a copy of the decree of divorce, he filed a sworn answer to the bill of complaint and also a petition to set aside the default and the decree. He claimed condonation and resumption of marital relations after the original bill was filed. Plaintiff thereupon filed a sworn answer in which she specifically denied that she had made any promises to defendant and that shortly after the bill was filed defendant was advised by her attorney and in her presence to secure legal counsel; that there was absolutely no condonation by resumption of marital relations. Testimony was taken by the trial judge and he denied defendant's petition to set aside the divorce decree but he stated that he was disturbed as to the provisions of the decree in regard to the division of property. However, he subsequently refused to modify the decree in that respect.

Error is claimed because the judge found that the default was properly entered and there was no condonation or promises not to proceed with the divorce. Defendant's claims of condonation and fraud became questions of fact. The judge who saw and heard the witnesses believed plaintiff. We find no reason to disturb his findings.

Error is claimed because at the end of the testimony to set aside the default and decree, it was claimed that the process server after 3 days of futile effort was unable to subpoena the son as a witness. Defendant asked for an adjournment of the hearing. The judge denied the request. Defendant made no showing as to what specifically he intended to prove by the son. The latter was over 21 years of age and

while it might be highly undesirable to do so, defendant had a right to call him as a witness. However, the judge did not exercise an abuse of discretion in not continuing the case. It further was so highly improbable that the son could testify as to the resumption of intimate marital relations, had there been any.

The court erred in the division of the property, which consisted of a home worth $13,000, a vacant lot worth $400, the household furniture, a life insurance policy of $5,000, a half interest in the car with title in the name of defendant and the son. The decree awarded the home, the vacant lot, the household furniture and the half interest in the 1949 station wagon to plaintiff. It also ordered defendant to pay as alimony $50 every 2 weeks; also to keep up the premiums on a $5,000 life insurance policy and enjoined defendant from changing the beneficiary. It also ordered defendant to pay all debts and any back taxes on the property. This gave to plaintiff everything defendant had as far as the proofs show except the 1947 or 1948 station wagon and some personal tools and working utensils, et cetera, that defendant still had in the home.

A new decree will be entered giving to defendant the vacant lot, and to each of the parties a half interest in the home as tenants in common, but awarding plaintiff the entire income from the property during her lifetime as long as she remains unmarried, she to pay all taxes and the upkeep. The provisions of the original decree that plaintiff shall be entitled to the household goods and furniture and alimony of $50 every 2 weeks and the insurance and other minor provisions shall remain unchanged. The award of one-half interest in the 1949 station wagon to plaintiff also is affirmed. Defendant shall pay all debts contracted in his name prior to the decree but plaintiff shall pay all back taxes, if any, on the home.

A decree thus modified will be entered in this Court. No costs to either party.

ADAMS, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.