JAMES v JAMES

1. PROCESS—SERVICE—BURDEN OF PROOF.

  The burden of proof to show non-service of process is upon the party attacking the jurisdiction of the court, and the mere denial of service by that party is not sufficient.

2. JURISDICTION—PROCESS—SERVICE—DISCRETION.

  Wide latitude is given to the trial court's determination of its jurisdiction over a party where a party denies having been served with process.

3. JUDGMENT—DEFAULT JUDGMENT—COURTS—FRAUD.

  It is well established that a court has the power to set aside its own default judgments for reason of fraud upon the court.

4. APPEAL AND ERROR—DEFAULT JUDGMENT—HEARING—DE NOVO REVIEW.

  Review of a hearing on a defendant's motion to set aside a default judgment in a divorce case is to be made *de novo*.

5. JUDGMENT—DEFAULT JUDGMENT—DIVORCE—COURTS—FRAUD—MATERIAL FRAUD—MARITAL PROPERTY.

  In order to vacate a default judgment in a divorce case on grounds of fraud upon the court, the fraud must have been material to the disputed action of the court; a grossly underestimated value of a defendant's equity in the marital property, of such a magnitude that it cannot be attributed to good faith error in estimation, was material to the disputed action and constituted a fraud upon the court.

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 143, 144.
  62 Am Jur 2d, Process § 163.
[2] 62 Am Jur 2d, Process § 3.
[3] 20 Am Jur 2d, Courts § 96.
[4] 4 Am Jur 2d, Appeal and Error § 135.
  5 Am Jur 2d, Appeal and Error § 868.
[5, 6] 24 Am Jur 2d, Divorce and Separation §§ 443, 444.

6. DIVORCE—DEFAULT JUDGMENT—FRAUD—MARITAL PROPERTY—
    WAIVER OF OBJECTIONS.

> Failure of a defendant to appear at a hearing wherein the plaintiff was granted a default judgment of divorce does not waive all objections to the fraudulent representation by the plaintiff regarding the amount of the defendant's equity in the marital property, since the fraud is upon the court itself, affecting its fact-finding process.

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 December 9, 1974, at Detroit. (Docket No. 18355.) Decided January 7, 1975.

Complaint by Edith J. James against Willie L. James for divorce. Judgment for plaintiff. From denial of his motion to set aside the default and the default judgment, defendant appeals. Reversed and remanded.

*Littky, Mallon, Wilenkin & Best* (by *Walter S. Schwartz),* for defendant.

Before: BRONSON, P. J., and MCGREGOR and CARLAND,* JJ.

MCGREGOR, J. Plaintiff's complaint for divorce was filed on April 8, 1970. On May 1, 1970, plaintiff filed an entry of default against the defendant. A *pro confesso* hearing was then held before the trial court on May 14, 1971, and the court entered a default judgment of divorce at that time.

On October 4, 1971, defendant filed a motion to set aside the default and the default judgment of divorce; this motion was referred by the trial court to the Friend of the Court referee. A hearing was held on November 14, 1972, at which defendant testified that he had not been served with process on April 8, 1970, as the proof of service indicated,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

and that he found out about the divorce after it was final, in May of 1971. Defendant further testified that his appearance at the office of the Friend of the Court on May 21, 1970, was because he believed it was in connection with a previous divorce action, commenced by the plaintiff, and that he therefore entered into a Consent Order in order to "do right". It was not until May 23, 1970, defendant testified, that he discovered that an action for divorce and a judgment of divorce had been obtained, and that this was not merely another stage of a previous incomplete proceeding.

At a continuation of the hearing before the Friend of the Court referee, on December 5, 1972, plaintiff testified that the defendant was served with process in the summer of 1969. On March 30, 1973, after argument of counsel for both parties, the trial court entered an order denying the motion to set aside the default judgment of divorce; this order was signed on September 6, 1973.

The burden of proof to show non-service is upon the party attacking the jurisdiction of the court; mere denial of such service by that party is insufficient. *Delph v Smith,* 354 Mich 12; 91 NW2d 854 (1958). Defendant failed to present evidence beyond his own denial of service. In addition, even if the evidence could be construed to corroborate that denial, wide latitude is given to the trial court's determination. *Delph v Smith, supra; Seifert v Keating,* 344 Mich 456; 73 NW2d 894 (1955). The trial judge concluded that proper service had been made, and we see no ground for disturbing his conclusions.

The trial court erred, however, in failing to set aside its default judgment of divorce and holding a new hearing concerning the division of marital

property. The power of a court to set aside its own default judgments for reason of fraud upon the court is well established. *Lantinga v Lantinga,* 318 Mich 78; 27 NW2d 504 (1947); *Kome v Kome,* 335 Mich 282; 55 NW2d 831 (1952).

Review of the hearing on defendant's motion, like that of any equity proceeding, is to be made *de novo. Kroph v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974). The testimony at the *pro confesso* hearing by plaintiff was to the effect that defendant's equity in the two jointly-owned parcels of real estate was $2,000 and that payment to him of that amount would be "fair". At the hearing on December 5, 1972, the defendant testified that the minimum equity of these parties in the two parcels of real estate was $18,200. An objective study of the testimony taken at the referee's hearing on the motion to set aside the default judgment leads this Court to the conclusion that defendant's equity was about $6,500. Such a difference, especially in light of the fact that plaintiff must have known that her estimate was misleading, cannot be attributed to good-faith error in estimation; it constituted a fraud upon the court. It is also noted that plaintiff has filed no brief in this appeal.

In order to vacate a default judgment on grounds of fraud upon the court, the fraud must have been material to the disputed action of the court. *Berg v Berg,* 336 Mich 284; 57 NW2d 889 (1953); *Baum v Baum,* 20 Mich App 68; 173 NW2d 744 (1969). Here, the disputed action of the court was the division of the marital property. It cannot be argued seriously that the grossly underestimated value of the defendant's equity did not affect the property settlement. Significantly, the court awarded plaintiff the real property upon her payment of exactly the $2,000 which had been

estimated by her to be the value of defendant's equity in the property.

"This brings us to a consideration of the principal question in the case, namely, whether the division of the property interests of the parties, made by the decree of the trial court, was inequitable. The determination of the issue is not governed by set rules. * * * Citing *Mayer v Mayer,* 266 Mich 241 [253 NW 282] (1924), it was said in *Robinson v Robinson,* 275 Mich 420 [266 NW 403] (1936), 'There is no rigid rule of division of property in divorce proceedings but the division must be equitable.' " *McCoy v McCoy,* 317 Mich 478, 482; 27 NW2d 62 (1947).

Finally, defendant's failure to appear at the default divorce hearing did not waive all objections to the fraud, since the fraud is upon the court itself, affecting its fact-finding process. *Allen v Allen,* 341 Mich 543; 67 NW2d 805 (1954). In an equitable action, the defendant was denied his right to an equitable division of jointly-acquired and jointly-owned property.

Reversed and remanded for further proceedings consistent with this opinion.

All concurred.