INSURANCE COMPANY OF NORTH AMERICA v ISSETT

Docket No. 77-3127. Submitted April 12, 1978, at Lansing.—Decided June 6, 1978.

Insurance Company of North America filed a writ of garnishment against Continental Underwriters, Inc., as garnishee defendant. Continental did not file a disclosure revealing its liability to the principal defendant as required by law. Consequently, plaintiff took a default judgment against Continental. A motion to set aside the default judgment was filed by Continental alleging that the court lacked jurisdiction in the original garnishment action because the required affidavit was not filed and because of ineffective service of process. Motion denied in Grand Traverse Circuit Court, William R. Brown, J. Continental appeals. *Held:*

1. Remand to the trial court is necessary where the judge fails to make findings of fact as to whether an affidavit was filed when an original writ of garnishment issued.

2. The burden of proof to show non-service of process is upon the party attacking the jurisdiction of the court and a bare denial of service by that party is not sufficient.

Remanded for further proceedings.

1. GARNISHMENT—HARSH REMEDY—STATUTORY REQUIREMENTS—STRICT CONSTRUCTION—AFFIDAVITS—JURISDICTION—VOID JUDGMENTS.

Garnishment proceedings are governed by statute and court rules and because garnishment is often a harsh remedy, the statutory requirements are strictly construed; a properly filed affidavit for a writ of garnishment is indispensable for the exercise of these statutory powers and unless this affidavit is filed, a court

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Attachment and Garnishment § 332.
[2] 6 Am Jur 2d, Attachment and Garnishment § 408.
[3] 47 Am Jur 2d, Judgments §§ 932, 933.
[4] 61 Am Jur 2d, Pleading § 389.
[5] 6 Am Jur 2d, Attachment and Garnishment § 280.
[6] 62 Am Jur 2d, Process §§ 27, 28, 181.
[7] 5 Am Jur 2d, Appeal and Error § 841.

proceeds without jurisdiction and the resulting judgment is void.

2. Garnishment—Judgment—Setting Aside—Court Rules.

Judgments in garnishment proceedings can be set aside as in other civil actions (GCR 1963, 738.13[6]).

3. Judgment—Jurisdiction—Setting Aside—Void Judgment—Court Rules.

Judgments made without jurisdiction over the subject matter are void and can be set aside (GCR 1963, 528.3[4]).

4. Courts—Personal Jurisdiction—Pleadings and Motions—Waiver of Defects—Statutory Requirements—Subject Matter Jurisdiction.

The filing of pleadings and motions can operate as a waiver of defects of personal jurisdiction; they do not, however, confer subject matter jurisdiction on a court where the requirements mandated by a statute have not been fulfilled.

5. Garnishment—Affidavits—Findings of Fact—Remand.

A trial judge is required to make findings of fact as to whether an affidavit was filed when an original writ of garnishment issued; remand to the trial court is necessary where the judge fails to make such findings.

6. Process—Service—Jurisdiction—Burden of Proof.

The burden of proof to show non-service of process is upon the party attacking the jurisdiction of the court; a bare denial of service by that party, where the return of service was regular on its face, is not sufficient.

7. Appeal and Error—Courts—Findings of Fact—Clearly Erroneous Rule—Court Rule.

A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous (GCR 1963, 517.1).

*Cholette, Perkins & Buchanan* (by *Charles H. Worsfold),* for plaintiff.

*Paul R. Jackman,* for defendant.

Before: Danhof, C. J., and Bronson and Cynar, JJ.

Danhof, C. J. Garnishee-Defendant Continental

Underwriters, Inc. (hereinafter "Continental") appeals from the denial of its motion to set aside a default judgment and from the denial of a motion for rehearing. Plaintiff filed a writ of garnishment against Continental, pursuant to GCR 1963, 738, on October 2, 1974. A deputy sheriff's return of service attests that Continental was served with the writ and supporting affidavit on October 17, 1974. Continental did not file a disclosure as required by GCR 1963, 738.6, revealing any liability of the garnishee-defendant to the principal defendant. Consequently, plaintiff took a default judgment against Continental pursuant to GCR 1963, 738.8, on December 16, 1974. On April 17, 1975, plaintiff filed an affidavit and a writ of garnishment against a bank at which Continental maintained an account, claiming that Continental had made no effort to pay the judgment. After the bank filed a disclosure, Continental posted a bond on October 30, 1975, to terminate the garnishment.

On October 14, 1976, Continental filed a motion to set aside the default judgment, advancing various equitable grounds not pertinent to this appeal. This was denied on February 22, 1977. At this point, Continental filed a second motion to set aside the default judgment, alleging that the court lacked jurisdiction in the original garnishment action because no affidavit was filed as required by GCR 1963, 738.2, and because of ineffective service of process. The trial court denied this motion, finding that the defendant was properly served.

On appeal, Continental argues that the trial court erred in not setting aside the default judgment since the court lacked jurisdiction in conducting the garnishment proceeding. In Michigan, garnishment proceedings are governed by statute

and court rules and because it is often a harsh remedy, the statutory requirements are strictly construed, *People's Wayne County Bank v Stott,* 246 Mich 540; 224 NW 352 (1929). Under GCR 1963, 738.2, a properly filed affidavit for the writ of garnishment is indispensable for the exercise of these statutory powers. Unless this affidavit was filed, the court proceeded without jurisdiction and the resulting judgment was void.

In this case, there is not an affidavit on file supporting the writ of garnishment. Moreover, there is not even a calendar docket entry which shows that such an affidavit was filed, see *People's Wayne County Bank, supra,* at 542. Also, there is no finding by the trial judge that this affidavit was filed. Thus, for the purposes of review, we shall proceed on the assumption that no affidavit was filed.[1]

Since no affidavit was filed and the statutory requirements were not fulfilled, the court lacked jurisdiction to proceed in this matter. Service of process on the defendant did not cure this defect in fulfilling the statutory requirement. Judgments in garnishment proceedings can be set aside as in other civil actions, GCR 1963, 738.13(6). Judgments made without jurisdiction over the subject matter are "void" and can be set aside pursuant to GCR 1963, 528.3(4).

Also, none of the actions taken by defendant amounted to a waiver of this defect, see GCR 1963,

---

[1] At the outset, it should be noted that this opinion is expressly limited to the facts involved in this case; no affidavit for the writ of garnishment was ever filed in court. This case does not involve a filed affidavit which contained minor defects. The affidavit is usually sufficient if it is in substantial compliance with the requirements of the rules, *Poma v People's Wayne County Bank,* 257 Mich 696; 241 NW 888 (1932). Also, technical defects in an affidavit that was filed are occasionally subject to waiver, *Fildew v Stockard,* 256 Mich 494; 239 NW 868 (1932).

111.3(1). Under GCR 1963, 116.2, the filing of pleadings and motions can operate as a waiver of defects of personal jurisdiction. They do not, however, confer subject-matter jurisdiction on the court when the requirements mandated by the statute have not been fulfilled. Similarly, GCR 1963, 738.9(5), does not require a waiver in this case. The policy behind that rule is to encourage appearances by not making them act as a waiver of defects normally waived by an appearance. If an appearance, generally under GCR 1963, 116.2, does not amount to a waiver of this defect, nothing in GCR 1963, 738.9(5) indicates that it intended the same action to be a waiver in garnishment proceedings, see 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed) p 612.

In this case, the trial judge did not make any findings as to whether an affidavit was filed when the original writ of garnishment was issued. Due to the importance of this fact, a remand is required. On remand, if plaintiff can show that such an affidavit was filed, then the decision is affirmed. If it cannot be shown that such an affidavit was filed, the judgment will be set aside.

The second issue raised by defendant concerns the failure of plaintiff to serve defendant with an affidavit. The proof of service of process executed by the deputy sheriff states that the affidavit was served. The burden of proof to show non-service is upon the party attacking the court's jurisdiction and where the return of service, regular on its face, is impeached with nothing more than a bare denial of service, there is no grounds for disturbing the trial court's conclusion, *James v James*, 57 Mich App 452, 454; 225 NW2d 804 (1975). Also, the trial court found as a fact that the affidavit was served as attested to by the return of service,

and this finding cannot be set aside unless it is clearly erroneous, GCR 1963, 517.1. This finding is not clearly erroneous.

This case is remanded for further proceedings consistent with this opinion. Costs to abide the final outcome.