# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN GARRETT and VIRGIL GARRETT, by
Next Friend STEVEN GARRETT,

Plaintiffs-Appellants,

v

LM GENERAL INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
April 10, 2018

No. 337057
Washtenaw Circuit Court
LC No. 16-000341-NF

Before: GADOLA, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

Plaintiffs, Steven and Virgil Garrett, appeal as of right the order of the trial court granting summary disposition to defendant, LM General Insurance Company, of plaintiff's claim for personal protection insurance (PIP) benefits and uninsured motorist benefits under the no-fault act. Plaintiffs challenge the subsequent order of the trial court denying plaintiffs' motion for relief from judgment. We affirm.

This case arises from plaintiffs' assertion that they were injured in an automobile accident on December 24, 2015. According to plaintiffs, on that date they had driven to a mall in a 2007 Dodge Caliber owned by plaintiff Steven Garrett. Steven's son, Leroy, was driving the vehicle, Steven's other son, plaintiff Virgil Garrett, was in the front passenger seat, and Steven was sleeping in the back seat. Virgil testified that he was FaceTiming on his phone with his girlfriend as they were preparing to leave the parking lot, and suddenly felt a "bang." As he got out of the car, a woman got out of her car and apologized. The woman then left in her car, Virgil got back into plaintiffs' car, and Leroy drove plaintiffs home. Virgil testified that he later realized that he had injured his neck and lower back in the accident.

Steven testified that he was asleep during the alleged accident and did not know that it had occurred until his sons told him about it on the drive home. Steven testified that he later looked at the car and saw that "the back part was hit, and I think the wheel was like a little – a little in, different." Plaintiffs did not take photographs of the damage. Steven testified that about one week after the accident, he began to feel pain and contacted an attorney. Steven thereafter went to a chiropractor to treat his pain. Plaintiffs did not report the accident to the police, nor did they report the accident to the mall authorities. Plaintiffs did not call for emergency medical services and never sought medical care for their alleged injuries other than chiropractic services.

-1-

On the date of the alleged accident, Steven had a policy of no-fault insurance issued by defendant. Plaintiffs brought this action seeking PIP benefits, as well as uninsured motorist benefits. Defendant thereafter moved for summary disposition pursuant to MCR 2.116(C)(10), contending that there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law. Specifically, defendant contended that plaintiffs had produced no evidence that the alleged unidentified vehicle actually made physical contact with plaintiffs' vehicle as required by the policy, and also that plaintiffs had failed to demonstrate that their alleged injuries were a serious impairment of bodily function.

Defendant filed a proof of service with the trial court indicating that it had mailed the motion for summary disposition, together with the notice of hearing, to plaintiffs' attorney. The hearing on the motion for summary disposition was noticed for December 29, 2016. Defendant's attorney later explained that she mailed the motion and notice to attorney Daniel G. Romano, who was listed first on plaintiffs' complaint as plaintiffs' attorney, and not to attorney Stanley I. Okoli, who is listed second on plaintiffs' complaint and practices law in the same firm as attorney Romano.

The trial court thereafter sent a notice to the attorneys of record rescheduling the hearing on the motion for summary disposition for January 5, 2017.[1] At the hearing, the trial court noted on the record that plaintiffs were not present and had not responded to the motion. At the conclusion of the hearing, the trial court granted defendant's motion, and thereafter entered an order granting defendant's motion for summary disposition and dismissing plaintiffs' complaint with prejudice. Defendant's counsel then sent plaintiffs' counsel an e-mail informing him that the trial court had granted its motion for summary disposition and attaching copy of the order. Plaintiffs' counsel replied to defendant's counsel by email that neither he nor his assistant had received notice of the motion or of the hearing.

Plaintiffs thereafter filed a motion for relief from judgment under MCR 2.612(C)(1)(a) and (f), entitled "Motion to Rescind Order and Reinstate Case," on the basis that plaintiffs' counsel did not receive the motion or the notice of hearing. The trial court considered plaintiffs' motion as a motion for reconsideration under MCR 2.119(F) and denied the motion.

On appeal, plaintiffs do not challenge the underlying merits of the motion for summary disposition. Instead, plaintiffs contend that the trial court erred in granting defendant's motion for summary disposition because plaintiffs did not receive a copy of the motion or of the notice of hearing. We disagree.

To satisfy due process, the notice given to a party must be reasonably likely to inform the party of the action. *Maxwell v Dep't of Environmental Quality*, 264 Mich App 567, 574; 692 NW2d 68 (2004). In that regard, MCR 2.107 provides, in relevant part:

---

[1] Plaintiffs do not address on appeal how this second notice of hearing, this time provided by the trial court, also failed to reach plaintiffs' counsel.

-2-

**(A) Service; When Required.**

(1) Unless otherwise stated in this rule, every party who has filed a pleading, an appearance, or a motion must be served with a copy of every paper later filed in the action. . . .

* * *

**(B) Service on Attorney or Party.**

(1) Service required or permitted to be made on a party for whom an attorney has appeared in the action must be made on the attorney . . .

(2) If two or more attorneys represent the same party, service of papers on one of the attorneys is sufficient. An attorney who represents more than one party is entitled to service of only one copy of a paper.

* * *

**(C) Manner of Service.** Service of a copy of a paper on an attorney must be made by delivery or by mailing to the attorney at his or her last known business address or, if the attorney does not have a business address, then to his or her last known residence address. Service on a party must be made by delivery or by mailing to the party at the address stated in the party's pleadings.

* * *

(3) *Mailing.* Mailing a copy under this rule means enclosing it in a sealed envelope with first class postage fully prepaid, addressed to the person to be served, and depositing the envelope and its contents in the United States mail. Service by mail is complete at the time of mailing.

Thus, under MCR 2.107(C)(3), service by first-class mail, addressed to the person to be served, is permissible. Service on a party by mail is complete at the time of mailing, *Nash v Salter*, 280 Mich App 104, 123; 760 NW2d 612 (2008), and we presume that properly addressed and mailed items arrive at their destinations. *Crawford v Michigan*, 208 Mich App 117, 121; 527 NW2d 30 (1995).

A proof of service that is regular on its face creates a rebuttable presumption that service was proper. *Garey v Morley Bros*, 234 Mich 675, 677; 209 NW 116 (1926). The party asserting that it did not receive service despite a valid proof of service has the burden of proving that assertion. *James v James*, 57 Mich App 452, 454; 225 NW2d 804 (1975). A successful challenge to a proof of service requires "unequivocal, clear, and convincing evidence," *Garey*, 234 Mich at 678, and "substantial corroboration of a [party]'s denial of service," *Alpena Nat'l Bank v Hoey*, 281 Mich 307, 312; 274 NW 803 (1937). Merely denying that one received service is generally insufficient to contradict an otherwise regular proof of service. *Ins Co of North America v Issett*, 84 Mich App 45, 49; 269 NW2d 301 (1978).

In this case, defendant provided the trial court with a signed proof of service stating that the motion for summary disposition and notice of hearing had been mailed to plaintiffs' counsel of record. Although plaintiffs argued that they did not receive the mailed notice and did not learn of the motion for summary disposition until after the hearing, plaintiffs offered no evidence that defendant failed to comply with the service requirements of MCR 2.107. We therefore conclude that the trial court did not err in declining to set aside the order granting defendant summary disposition on that basis.

Plaintiffs also contend that the trial court erred in denying what they characterized as their motion for relief from judgment, which the trial court characterized as a motion for reconsideration. Again, we disagree.

Under MCR 2.612(C)(1)(a), a court is authorized to relieve a party from a final judgment predicated upon "[m]istake, inadvertence, surprise, or excusable neglect." In addition, MCR 2.612(C)(1)(f) permits the trial court to relieve a party from a final judgment for "[a]ny other reason justifying relief from the operation of the judgment." MCR 2.116(C)(1)(a) was not designed to relieve counsel of carelessness, however, and MCR 2.116(C)(1)(f) requires "extraordinary circumstances that mandate setting aside the judgment in order to achieve justice." *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 393; 573 NW2d 336 (1998).

We review a decision on a motion for relief from judgment under MCR 2.612(C) for an abuse of discretion. *Wolf v Mahar*, 308 Mich App 120, 128; 862 NW2d 668 (2014). The trial court abuses its discretion if it reaches a result that falls outside the range of reasonable and principled outcomes. *Frankenmuth Ins Co v Poll*, 311 Mich App 442, 445; 875 NW2d 250 (2015). If there is more than one principled and reasonable outcome, and the trial court selects one of those outcomes, we will conclude that the trial court did not abuse its discretion. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

In this case, a review of the record indicates that defendant properly served plaintiffs with the motion for summary disposition and notice of hearing under MCR 2.107(B)(2) and (C)(3) by mailing a copy of the motion and notice of hearing to the attorney of record, and we presume that items properly addressed and placed in the mail reach their destination. *Crawford*, 208 Mich App at 121. Given that plaintiffs failed to rebut the presumption of service, the trial court did not abuse its discretion in denying plaintiffs' motion, even if the trial court had treated it as a motion for relief from judgment. See *Frankenmuth Ins Co*, 311 Mich App at 445; *Wolf*, 308 Mich App at 128.

Plaintiffs also argue that the trial court incorrectly framed plaintiffs' motion for relief from judgment as a motion for reconsideration under MCR 2.119(F). Under that provision, the trial court will only reconsider a decision if the moving party "demonstrate[s] a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." *Id*. But because plaintiffs have not demonstrated that they are entitled to prevail under either court rule, we need not reach the question whether the trial court erred in considering plaintiffs' motion as a motion for reconsideration under MCR 2.119(F). *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662

NW2d 822 (2003) (This Court ordinarily will affirm a trial court's decision when the right result is reached, albeit for the wrong reason.).

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan