## BROWN v. BROWN.

1. DIVORCE—DIVISION OF PROPERTY—PAYMENT OF MORTGAGE.

In divorce proceedings between husband and wife who had lived together for 20 years and accumulated some furniture and an equity in a home worth about $3,000, where court awarded the property to the wife and required husband, an able-bodied man, to pay wife $12 a week for support of child and $18 a month until $1,700 mortgage was paid off as permanent alimony and in lieu of dower, discretion of court was not abused as it appears wife is in poor health, unable to do manual work, and has been under a doctor's care for seven years and application of permanent alimony to mortgage debt in effect places a limitation upon the total amount husband is required to pay.

2. SAME—DIVISION OF PROPERTY—SECURITY OF LIVING FOR WIFE.

There is no rigid rule of division of property upon divorce and the security of a living for the wife should be a major consideration.

3. SAME—DIVISION OF PROPERTY—EQUITY.

The division of property upon divorce must be equitable.

Appeal from Genesee; Gadola (Paul V.), J. Submitted January 10, 1941. (Docket No. 53, Calendar No. 41,298.) Decided March 11, 1941.

Bill by Carl A. Brown against Jessie M. Brown for divorce. From property settlement in decree, plaintiff appeals. Affirmed.

*Joseph & Joseph,* for plaintiff.

*Ernest J. Somers,* for defendant.

BUSHNELL, J. The respective parties agree that the question involved in this appeal is:

"Can a court, in decreeing alimony, after giving to a wife all the property belonging to the husband, still compel him to finish paying a mortgage in a substantial amount?"

This is an appeal from a decree of divorce in which the court awarded the custody of a 13-year-old daughter to the mother, ordered the father to pay $12 a week for the support of the child, and gave defendant real property estimated to be worth about $3,000, to which the parties held title jointly. This property was incumbered by a mortgage on which there was an unpaid balance of $1,700. The court required the husband to pay $18 per month to the wife as permanent alimony until this mortgage debt should be fully paid and satisfied. This provision for permanent alimony was in lieu of dower.

Appellant does not question any of the provisions of the decree except that which requires him to liquidate the mortgage indebtedness.

The parties had lived together for 20 years, and the only property accumulated in this period, according to the undisputed testimony, was the equity in their home and some furniture. The husband is an able-bodied man who has worked for the same employer for over 19 years. The wife is in poor health, unable to do manual work, and has been under a doctor's care for seven years. Although the decree provides for application of the permanent alimony to the mortgage debt, this is in effect a limitation upon the total amount plaintiff is required to pay. There is no rigid rule of division of property and the security of a living for the wife should be a major consideration. *Mayer* v. *Mayer*, 266 Mich. 241. The division must be equitable. *Robinson* v. *Robinson*, 275 Mich. 420.

The court reached an equitable result in this case, did not indulge in an abuse of discretion, and the de-

cree should not be disturbed. It is affirmed, with costs to appellee.

Sharpe, C. J., and Boyles, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.