STATHAS v. STATHAS.

1. DIVORCE—DIVISION OF PROPERTY.
   The division of property in a suit for divorce is not governed by rigid rules.

2. SAME—DIVISION OF PROPERTY—DISCRETION OF COURT—COURT OF APPEALS.
   The Court of Appeals does not substitute its judgment as to division of property for that of the trial judge in an action for divorce in the absence of a clear showing of abuse of discretion.

3. SAME—DIVISION OF PROPERTY—EQUITY.
   Division of property in action for divorce whereby wife, awarded the divorce which terminated a childless marriage lasting but 18 months, was given those things which she brought into the marriage, is not disturbed by reason of her claim that she should be awarded a substantial portion of what the husband had before they were married.

Appeal from Muskegon; Piercey (John H.), J. Submitted Division 3 June 15, 1965, at Grand Rapids. (Docket No. 311.) Decided September 20, 1965. Rehearing denied November 1, 1965. Leave to appeal denied by Supreme Court January 24, 1966. See 377 Mich 698.

Bill by Nicholas Stathas against Helen T. Stathas for divorce on ground of extreme and repeated cruelty. Cross-bill by defendant on similar ground. Judgment of divorce for defendant. Defendant ap-

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 17A Am Jur, Divorce and Separation § 924 et seq.

peals claiming provisions and awards inadequate. Affirmed.

*O'Toole & Jacobi* (*Thomas J. O'Toole,* of counsel) and *Carr & Carr* (*Robert A. Carr, Jr.,* of counsel), for plaintiff.

*Bunker & Rogoski,* for defendant.

FITZGERALD, J.  This is an appeal by defendant Helen T. Stathas from a judgment of divorce in her favor in which she questions the provisions of the judgment regarding alimony, dower, and the property rights of the parties, complaining specifically that she should be awarded substantial alimony, a portion of the residence property, or reimbursed for the value thereof, and that the award made to her was generally inadequate.

The facts belie her contentions.  We find here an extremely short marriage with defendant wife having been 30 years old when married.  The parties lived together only 18 months and then sporadically.  No children were born of the marriage.

This was a brief marriage and an unfortunate one for both parties and the record is replete with bitter charges and countercharges.  And now, the divorce being over, the residual acrimony falls upon the division of the property of the parties.

Briefly, though the defendant wife has now resumed her life, her employment, and was awarded those things that she brought into the marriage, she now contends she should have a substantial portion of what plaintiff had before they were married.

We cannot agree under any concept of law, equity, or justice.  The trial court, in an exhaustive opinion, has equitably and successfully restored the parties

to their respective shores after an unhappy voyage into matrimony.

In that opinion, the court states:

"Much of the personal property came to the parties by way of gifts. Certain of the personal property was purchased from financial gifts to one or the other of the parties. The court has given meticulous attention to the problem of separating these gifts and acquisitions. This marriage was of short duration, and the court has sought to put the parties in as good a position as they were prior to the marriage, taking in account some of the expenses of preparation for the marriage.

"I do not consider the proofs sufficient to bring into play any punitive theories of the law. It has been my sole purpose to do equity to both of the parties.

"The defendant is a schoolteacher and steadily employed at the time of the hearing, and it is obvious that her earning ability has not been affected by this marriage. While the plaintiff was unemployed at the time of the hearing, he appears to be an energetic young man who will not long remain unemployed. The court feels that the parties will be able to resume normal lives without any serious consequences having evolved from this marriage."

We can add nothing of substance to this exposition of the approach taken by the trial court in the property settlement. We cannot criticize it in any way.

Under the circumstances, we believe the award was equitable, and a proper exercise of the discretion of the trial court that we should not interfere with.

In *Cooley* v. *Cooley* (1948), 320 Mich 209, 213, we find a statement that sums up the attitude of this Court:

"The division of property in a suit for a divorce is not governed by rigid rules. The Supreme Court does not substitute its judgment as to division of

property for that of the trial judge in a suit for divorce in the absence of a clear showing of abuse of discretion."

The record before us shows a just division of property that should not and will not be tampered with.

Affirmed. Costs to appellee.

McGREGOR, P. J., and HOLBROOK, J., concurred.