MATTARA *v.* MATTARA.

1. DIVORCE—DE NOVO REVIEW—TRIAL COURT'S FINDINGS.
   Court of Appeals reviews divorce cases *de novo,* but the trial court has the advantage of seeing and hearing the witnesses personally, rather than in a cold record, and great weight must be given to the findings of the trial court.

2. SAME—EXTREME CRUELTY—RECORD.
   Divorce on ground of extreme cruelty *held,* properly granted plaintiff husband under record presented.

3. SAME—PROPERTY DIVISION—DISCRETION OF COURT.
   Court of Appeals does not substitute its judgment for that of trial court in matter of property division in divorce case, absent a clear showing of abuse of discretion.

4. APPEAL AND ERROR—HARMLESS ERROR—OTHER EVIDENCE.
   Alleged error in admitting into evidence probate court file containing medical reports as to defendant wife's state of health prior to marriage *held,* harmless, where it is obvious that such evidence was not considered as showing ground for divorce and other evidence amply supported grant of divorce to husband.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 839; 24 Am Jur 2d, Divorce and Separation §§ 336, 337; 27 Am Jur 2d, Equity § 266.
[2] 24 Am Jur 2d, Divorce and Separation §§ 32 *et seq.*, 372.
[3] 24 Am Jur 2d, Divorce and Separation §§ 925, 933.
[4] 4 Am Jur 2d, Appeal and Error § 135.

Appeal from Wayne; Moynihan (Joseph A., Jr.), J. Submitted Division 1 June 2, 1966, at Detroit. (Docket No. 1,332.)   Decided September 13, 1966.

Complaint for divorce by Ugo Mattara against Mildred R. Mattara, and counterclaim for divorce. Judgment for plaintiff. Defendant appeals. Affirmed.

*Kratchman & Kratchman,* for plaintiff.

*Riseman, Lemke & Piotrowski,* for defendant.

FITZGERALD, J. The parties were married in 1961, the plaintiff being in his early sixties and the defendant in her late fifties. Each had been previously married. They were characterized by the trial court as follows:

"These parties are not callow youths who married when love was in bloom and then the ardor cooled and they decided they should come to this court and ask for relief by way of divorce or annulment. They are both two mature individuals, both well along in their years, and were such when this contract was made."

On August 8, 1963, plaintiff filed a complaint for divorce on the ground of extreme cruelty which was answered and a cross-claim for divorce and petition for temporary alimony and attorney fees filed. Trial of the matter in January of 1965 resulted in the entry of a judgment of divorce for plaintiff, and following denial of a motion for a new trial, the matter was appealed to this Court under claim of appeal.

Defendant specifically questions whether plaintiff adduced sufficient evidence to establish extreme

cruelty, whether the trial court abused its discretion in the property settlement, and whether the lower court erred in admitting into evidence an exhibit which contained medical reports on defendant's state of health prior to the marriage.

We have before us the record of a divorce trial in which the parties themselves were the only witnesses. Where such is the situation, we are not likely to have any great issue of preponderance of evidence and, beyond that, no possibility of corroborative evidence, but are met rather with a cold record of conflicting claims, unsupported charges, and a generally acrimonious exchange between two people for whom the light of love has gone out.

As stated so aptly by Justice EDWARDS in *Hartka* v. *Hartka* (1956), 346 Mich 453:

"The trial court is our arena for the test of truth. There the contesting parties and their witnesses appear face to face in flesh and blood with weight and size and demeanor under the eye of the trial judge. He sees the averted glance, marks the hesitation, detects the note of hysteria in the voice of a witness whose words may be calculated to deceive. The cold words on a printed page show none of these essentials to the search for fact." (Citing cases.)

While appeals in divorce matters are heard *de novo,* it is a fact of life that a sterile record diminishes rather than embellishes the vitality and spirit of the proceedings below.

To perpetuate for all time the details of the causes for divorce here is unnecessary. The trial court has carefully sifted out for us the matters which seized its attention and which clearly bear out the fact that it was correct in awarding a divorce to this plaintiff.

Among the more salient observations in the trial court's opinion are these:

"I am more inclinded to believe the testimony of the plaintiff as he appeared the more forthright on this witness stand.  *  *  *

"I am unimpressed with the proposition that the plaintiff is responsible for the condition of which the defendant complains."

Such expressions on the part of the trial court, together with a consideration of the entire transcript of testimony, leads us to believe that a judgment of divorce was properly granted.

Regarding the property settlement, the fact is obvious that the defendant leaves this marriage with $1,500 more than when she entered it. We decline to upset the property division provided by the court below. We do not substitute our judgment as to division of property, absent a clear showing of abuse of discretion, and in a case such as this, where there are many equities to be considered, we cannot find that abuse of discretion. *Stathas* v. *Stathas* (1965), 1 Mich App 510, adequately demonstrates the view of this Court on such matters.

The final contention of defendant is that the admission into evidence of a probate court file relating to the mental condition of defendant was error. Assuming *arguendo,* however, that the medical reports therein were, as defendant urges, privileged under CLS 1961, § 600.2157 (Stat Ann 1962 Rev § 27A.2157), it is obvious from a reading of the court's opinion that such evidence was not considered as a ground for divorce. In referring to it, the trial court says specifically, "I think there is other testimony in this record which amply supports the awarding of a decree of divorce to the plaintiff in this matter", belying the contention that admission of

such evidence had a detrimental effect on defendant's cause.

Judgment affirmed. Costs to appellee.

J. H. GILLIS, P. J., and QUINN, J., concurred.