## WOODWORTH *v.* WOODWORTH.

1. DIVORCE—PROPERTY SETTLEMENT—APPEAL AND ERROR—DISCRETION OF TRIAL COURT.

   No rigid rules govern the award of property settlement in a divorce and an appellate court does not substitute its judgment for that of the trial court in the absence of a clear abuse of discretion.

2. SAME—PROPERTY SETTLEMENT—RIGHTS IN INHERITED PROPERTY.

   One party to a divorce action has no claim of right to an inheritance received by the other party after the action was begun and before the judgment was entered.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 933.
[2] 24 Am Jur 2d, Divorce and Separation § 883.
[3] 24 Am Jur 2d, Divorce and Separation § 294.

3. Same—Evidence—Sufficiency of Complaint to Allow Testimony.

Allegation in a complaint for divorce that there had been "no possibility of natural marital relations" is sufficient to allow testimony that there had been no sexual intercourse between the parties for a long time before start of divorce action.

Appeal from Ingham, Hughes (Sam Street), J. Submitted Division 2 January 9, 1968, at Lansing. (Docket No. 3,382.) Decided July 25, 1968.

Complaint by George R. Woodworth against Helen M. Woodworth for divorce. Divorce granted, and judgment of property settlement rendered. Defendant appeals. Affirmed.

*Kelley & Fagan,* for plaintiff.

*Newman & McKay,* for defendant.

Lesinski, C. J. The defendant wife, Helen Woodworth, appeals a judgment of divorce* granted on a complaint of extreme and repeated cruelty made by the husband, George Woodworth. On appeal, defendant charges that the evidence does not support the trial court's findings, and she further alleges error in the award of a property settlement which did not award to the defendant a portion of the inheritance the plaintiff received from his mother's estate.

The record before us supports the trial judge's finding of the defendant's extreme and repeated cruelty.

Plaintiff received an inheritance of $46,000 from the estate of his mother, who died April 16, 1965, subsequent to the filing of the complaint in this action but prior to the trial court's granting of di-

---

* CL 1948, § 552.7 (Stat Ann 1957 Rev § 25.87).

vorce. The trial judge's opinion gives express recognition to this inheritance and states that the plaintiff shall enjoy his inheritances from his parents free and clear from any claim of the defendant.

No rigid rules govern the award of property settlements, and appellate courts do not substitute their judgment for that of the trial court in the absence of a clear showing of abuse of discretion. *Wojcik* v. *Wojcik* (1965), 375 Mich 616; *Stathas* v. *Stathas* (1965), 1 Mich App 510. Defendant can here make no claim of right to a part of the inheritance in question, and we find no substance in the claim that the trial court's property settlement was inequitable.

Finally, the defendant charges error in the trial court's denial of her motion to strike the plaintiff's testimony that the parties had not had sexual intercourse for a considerable period of time prior to the institution of these proceedings. The defendant argues that the plaintiff's allegation in his complaint that for a considerable time there had been "no possibility of natural marital relations" will not support proof at trial that the parties had not had a "physical marital relationship." This argument is without merit.

We find no error. Affirmed. Costs to appellee.

McGREGOR and CANHAM, JJ., concurred.