FARNESS *v.* FARNESS

1. DIVORCE—PROPERTY SETTLEMENT.

> No rigid rule for the division of property pursuant to a divorce judgment exists; however, a major consideration is the security of living for the wife.

2. DIVORCE—PROPETY SETTLEMENT—DISCRETION.

> Awarding the wife in a divorce action property being purchased by spouses on land contract before the divorce action, ordering the husband to complete the payments within two years, at which time title was to be conveyed to the wife, and awarding the husband the family home and property on which the home was located was not an abuse of discretion (MCLA § 552.23).

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 January 6, 1971, at Lansing. (Docket No. 9446.) Decided February 19, 1971. Leave to appeal denied June 18, 1971, 385 Mich 757.

Complaint by Sherly Farness against Sanford Farness for divorce. Judgment for plaintiff. Defendant's motion for reconsideration of the property settlement made pursuant to the judgment of divorce denied. Defendant appeals. Affirmed.

*William L. Mackay,* for plaintiff.

*H. Donald Bruce,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Divorce and Separation § 925 *et seq.*

Before: Quinn, P. J., and Bronson and O'Hara,* JJ.

Bronson, J. In 1967, plaintiff, Sherly Farness, secured a divorce from her husband, defendant Sanford Farness. In 1969, defendant petitioned the lower court for reconsideration of the property settlement made pursuant to the judgment of divorce. The petition was denied. The court granted rehearing on the petition, heard defendant's motion, and again denied the requested relief. Defendant appeals as of right.

Defendant's sole contention on appeal questions the authority of the lower court to award plaintiff the parcel of real estate the parties were purchasing on land contract before the divorce. The terms of the property settlement awarded the parties' interest as vendees under the contract to the wife, and compelled defendant to pay the balance due on the contract within two years, at which time title was to be conveyed to the wife. Defendant was awarded the family home and the property on which it was located, subject to a lien securing his obligation on the land contract.

Defendant does not attack the property settlement as unjust or unreasonable; his argument is that the court's decree was unlawful. None of the cases cited by defendant supports his conclusion and the logic by which defendant argues his position defies restatement. It should suffice, for the purposes of this opinion, to note that MCLA § 552.23 (Stat Ann 1970 Cum Supp § 25.103) provides:

"Upon every divorce from the bond of matrimony [with exceptions not relevant here], if the estate and effects awarded to the wife shall be insufficient for

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the suitable support and maintenance of herself [and children in her custody], *the court may further decree to her such part of the personal estate of the husband and such alimony out of his estate real and personal, to be paid to her in gross or otherwise as it shall deem just and reasonable, having regard to the ability of the husband and the character and situation of the parties, and all the other circumstances of the case."* (Emphasis supplied.)

There is no rigid rule of division of property pursuant to a divorce judgment; however, a major consideration is the security of living for the wife. *Brown* v. *Brown* (1941), 297 Mich 24; *Mayer* v. *Mayer* (1934), 266 Mich 241. It does not appear from the record that the trial court abused its discretion in fashioning the judgment. See *Stathas* v. *Stathas* (1965), 1 Mich App 510. We find no error.

Affirmed. Costs to plaintiff.

All concurred.