*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MANDY JENSEN and BRADLEY JENSEN,

UNPUBLISHED
July 13, 2023

Plaintiffs-Appellants,

v

No. 361270
Allegan Circuit Court
LC No. 18-060106-CZ

GARY HADDEN,

Defendant-Appellee.

Before: RIORDAN, P.J., and MARKEY and YATES, JJ.

PER CURIAM.

Plaintiffs, Mandy and Bradley Jensen, sued their landlord over bedbugs they found in the home they rented from defendant, Gary Hadden. Plaintiffs represented themselves and, as pro se litigants are wont to do, they struggled mightily with the requirements of civil procedure. At the outset, the trial court awarded defendant summary disposition on plaintiffs' initial complaint, but we resurrected the case by affording plaintiffs the opportunity to amend their complaint. *Jensen v Hadden*, unpublished per curiam opinion of the Court of Appeals, issued December 17, 2020 (Docket No. 351591). On remand, plaintiffs fared no better in their second pleading attempt. The trial court again awarded summary disposition to defendant, but the trial court permitted plaintiffs leave to file one more amended complaint. Alas, plaintiffs missed the filing deadline for the second amended complaint, so the trial court dismissed the case without prejudice and imposed sanctions on plaintiffs. Despite plaintiffs' presentation of a myriad of issues on this appeal, we affirm.

## I. FACTUAL BACKGROUND

As we explained when this case was before us on plaintiffs' first appeal, plaintiffs rented a home from defendant and subsequently found bedbugs in their rental unit. Defendant undertook efforts to exterminate the bedbugs, but plaintiffs continued to experience problems, so they decided to file suit on their own behalf against defendant. The trial court patiently tried to guide plaintiffs through the complexities of the court system, but to no avail. On October 17, 2019, the trial court issued an order dismissing the case with prejudice and denying plaintiffs leave to file an amended complaint. On appeal, we affirmed the dismissal of plaintiffs' claims for intentional and negligent

-1-

infliction of emotional distress, but we ruled that plaintiffs were entitled to leave to file an amended complaint under MCR 2.116(I)(5).

On remand, plaintiffs filed a 17-count amended complaint requesting millions of dollars in damages. Defendant filed a motion for partial summary disposition under MCR 2.116(C)(7) (prior judgment) and (C)(8) (failure to state a claim). Additionally, defendant moved to strike plaintiffs' complaint under MCR 2.115 on the basis that it violated MCR 2.113(B)(2). Defendant contended that 13 of plaintiffs' claims did not state a legal basis for recovery; they simply demanded damages that plaintiffs allegedly sustained because of defendant's conduct. Defendant also argued that two of the claims set forth in the amended complaint—intentional infliction of severe mental anguish and negligent infliction of severe mental anguish—were repackaged versions of the claims that we deemed unsustainable on the first appeal. The trial court heard oral argument on October 18, 2021, and granted defendant's motion for partial summary disposition, but gave plaintiffs leave to file a second amended complaint to assert a claim for negligence that conformed with MCR 2.113(B).

After that argument, defendant submitted a proposed order under the seven-day rule, MCR 2.602(B)(3). But plaintiffs objected to the proposed order and presented arguments contesting the substance of the trial court's ruling and alleging that they had not received proper notice of the oral argument on defendant's motion for partial summary disposition. In addition, plaintiffs moved to disqualify the trial judge and moved for summary disposition on the basis that defendant violated MCR 2.116(C)(3) by failing to properly serve process. Defendant responded by seeking sanctions under MCR 1.109(E)(6) in the forms of reasonable attorney fees and costs incurred in responding to plaintiffs' objection to the proposed order and their motions to disqualify the trial judge and for summary disposition on service-of-process grounds.

The trial court heard those motions on November 15, 2021, and ruled from the bench at the conclusion of the hearing. The trial court denied plaintiffs' motion for disqualification, stating that he had no bias or prejudice against plaintiffs and he did not know any of the parties outside of this litigation. Next, the trial court denied plaintiffs' objections to the proposed order that defendant had submitted under the seven-day rule. The trial court afforded plaintiffs 21 days from the date of the hearing to file a second amended complaint consistent with what the trial court had discussed at the October 18 hearing. Also, the trial court denied plaintiffs' motion for summary disposition. Finally, the trial court granted defendant's motion for sanctions concerning plaintiffs' objection to the proposed order and their motion for summary disposition, but denied sanctions as to plaintiffs' motion to disqualify the trial judge. Specifically, the trial court ruled that plaintiffs had failed to perform a reasonable inquiry into whether their objections and their summary disposition motion were warranted by existing law.

Plaintiffs did not file a second amended complaint by December 6, 2021, i.e., 21 days after the hearing on November 15, 2021, so defendant moved for dismissal under MCR 2.504(B)(1). At the hearing on that motion on February 28, 2022, plaintiffs conceded that they filed their second amended complaint on December 9, 2021, which was three days after the deadline established by the trial court. But plaintiffs asserted that their tardiness should be excused because defendant did not provide them with the signed order in a timely manner and they thought they had 21 days from their receipt of the signed order to file the second amended complaint. The trial court rejected that argument and granted defendant's motion for dismissal under MCR 2.504(B)(1). Finally, the trial

court entered orders in mid-April 2022 directing plaintiffs to pay defendant $5,244 in reasonable attorney fees as a sanction and dismissing the case under MCR 2.504(B)(1). This appeal followed.

## II. LEGAL ANALYSIS

In a 50-page brief that is as puzzling as it is unconventional, plaintiffs contend that the trial court erred in numerous respects. In addition to all the claims of error, plaintiffs identify all sorts of occurrences in the trial court and ask this Court to explain the propriety of each of those events. As we make clear in this opinion, plaintiffs are required to identify alleged errors and offer support for the arguments that an error occurred. Merely identifying an incident that happened in the lower court and asking this Court to explain why it happened is not sufficient to present an issue for this Court's review. Thus, we will confine our analysis to the purported errors identified in plaintiffs' statement of questions presented that are properly before this Court.

## A. NOTICE OF HEARING

Plaintiffs claim that the trial court erred by awarding defendant partial summary disposition even though defendant did not notify plaintiffs of the oral argument on that motion that took place on October 18, 2021. We must "review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A trial court's interpretation and application of the Michigan Court Rules is likewise reviewed de novo. *Snyder v Advantage Health Physicians*, 281 Mich App 493, 500; 760 NW2d 834 (2008).

Unless a trial court chooses a different period, "a written motion under [MCR 2.116] with supporting brief and any affidavits must be filed and served at least 21 days before the time set for the hearing[.]" MCR 2.116(G)(1)(a)(*i*). Notice of a hearing on the motion must be served "at least 9 days before the time set for the hearing, if served by first-class mail[.]" MCR 2.119(C)(1)(a). Service by mail requires placing the document "in a sealed envelope with first class postage fully prepaid, addressed to the person to be served, and depositing the envelope and its contents in the United States mail. Service by mail is complete at the time of mailing." MCR 2.107(C)(3). Any document properly addressed and placed in the mail is presumed to reach its destination. *Crawford v Michigan*, 208 Mich App 117, 121; 527 NW2d 30 (1994), citing *Stacey v Sankovich*, 19 Mich App 688, 694; 173 NW2d 225 (1969). The presumption may be rebutted, *Stacey*, 19 Mich App at 694, but the mere denial of service is not sufficient to rebut the presumption. See *Ins Co of North America v Issett*, 84 Mich App 45, 49; 269 NW2d 301 (1978).

Here, plaintiffs contend that they had been receiving documents from defendant via e-mail with the exception of the notice of hearing on defendant's summary disposition motion. Plaintiffs alleged that they first learned of the hearing when they received an e-mail about the hearing a few days before it was scheduled to take place. So, as the record reflects, plaintiffs were able to attend the hearing. At the hearing, plaintiffs claimed that they had not received proper notice. The trial court found that proper notice of the hearing had been sent to plaintiffs' last known address. Also, the trial court stated that it had tried to contact plaintiffs by telephone the week before the hearing, but the telephone number on file for plaintiffs was disconnected. Therefore, the trial court rejected plaintiffs' argument that proper notice of the hearing was not given.

The trial court's ruling is supported by the proof of service filed by defendant, which shows that the notice of hearing was served via first-class mail on August 9, 2021, which was more than a month before the October 18, 2021 hearing. According to the proof of service, defendant mailed the notice of hearing to the address listed on plaintiffs' amended complaint. Defendant's service of the hearing notice for his motion for partial summary disposition complied with the court rules governing timing and manner of service and filing of proof of service. See MCR 2.119(C)(1)(a). Although plaintiffs claim that they had been served with all other documents via e-mail, the record contains no stipulation that documents must be served by e-mail. Because the record reflects that the notice of hearing was properly addressed and placed in the mail, it was presumed that it reached its destination. See *Crawford*, 208 Mich App at 121. Plaintiffs offered no evidence to rebut that presumption, and plaintiffs' denial that they received the notice does not rebut that presumption. See *Stacey*, 19 Mich App at 694; *Ins Co of North America*, 84 Mich App at 49. Thus, plaintiffs have not demonstrated that the trial court erred when it decided that plaintiffs had received proper notice of the hearing and granted defendant's motion for partial summary disposition after hearing oral arguments from plaintiffs as well as defendant.

## B. JUDICIAL DISQUALIFICATION

Plaintiffs contend that the trial judge erred by denying their motion to disqualify him. As plaintiffs frame their argument, Judge Roberts A. Kengis should have recused himself because of his bias against plaintiffs in particular or against unrepresented litigants in general. "We review a trial court's factual findings regarding a motion for disqualification for an abuse of discretion and its application of the facts to the law de novo." *In re MKK*, 286 Mich App 546, 564; 781 NW2d 132 (2009). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted).

Due process requires that an unbiased and impartial decision-maker hear and decide a case. *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012). A trial judge is presumed to be unbiased, and any party moving for disqualification bears the heavy burden of overcoming that presumption. *Id*. Under MCR 2.003(C), there are several grounds that warrant disqualification. For example, disqualification is justified if a judge is biased or prejudiced for or against a party. MCR 2.003(C)(1)(a). Generally, a trial judge is not disqualified absent a showing of actual bias or prejudice. *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009). Moreover, disqualification "on the basis of bias or prejudice cannot be established merely by repeated rulings against a litigant, even if the rulings are erroneous." *In re MKK*, 286 Mich App at 566. Nor does a generalized hostility toward a class of claimants present disqualifying bias. *Id*. "A showing of prejudice usually requires that the source of the bias be in events or information outside the judicial proceeding." *Id*. "[A]ll motions for disqualification must be filed within 14 days of the discovery of the grounds for disqualification." MCR 2.003(D)(1)(a).

Here, plaintiffs submitted their motion to disqualify Judge Kengis on October 21, 2021. Plaintiffs alleged that Judge Kengis had demonstrated he was biased against unrepresented parties, or against them specifically, "for an unknown reason." Plaintiffs claimed that this bias was evident because defendant had not been forced to abide by court rules and orders and because Judge Kengis dismissed the complaint plaintiffs filed against the mediator in this case. Plaintiffs also asserted, incorrectly, that Judge Kengis had decided it was immaterial that plaintiffs had not received notice

-4-

of the October 18, 2021 hearing on defendant's motion for partial summary disposition because plaintiffs did not have a working phone.

The trial court addressed plaintiffs' motion at the hearing on November 15, 2021. The trial court determined that many of plaintiffs' examples of bias were based on earlier rulings and were, therefore, not timely filed. The trial court also determined that its ruling regarding the October 18, 2021 hearing comported with the governing court rules and was supported by the record. The trial court further noted that it did not know either plaintiff outside of this case, and that it did not have any bias against either plaintiff or in favor of defendant. Thus, the trial court denied the motion.

We conclude that plaintiffs have not met the heavy burden of overcoming the presumption that Judge Kengis was unbiased. *Mitchell*, 296 Mich App at 523. The trial court did not err to the extent that it denied plaintiffs' motion on the basis that the alleged evidence of bias had surfaced more than 14 days before the motion was filed. See MCR 2.003(D)(1)(a). Additionally, plaintiffs have not suggested any extrajudicial event or information that could serve as a source of bias. See *In re MKK*, 286 Mich App at 566. Nor does their assumption that Judge Kengis is biased against litigants acting *in propriis personis* find support in the record. In plaintiffs' first appeal, the panel determined that many of plaintiffs' challenges to the trial court's alleged unfair treatment of them stemmed from plaintiffs' "lack of familiarity with applicable court rules and practice." *Jensen*, unpub op at 6. Although the trial court could not give plaintiffs legal advice, the court "took time to explain its actions and rulings throughout the proceedings." *Id*. The same consideration was evident on remand. Judge Kengis afforded plaintiffs the opportunity to submit a second amended complaint to reassert a claim for negligence. At the hearing on November 15, 2021, the trial court made a point of plainly advising plaintiffs that they had 21 days from the date of the hearing to file their second amended complaint.

Plaintiffs have offered no evidence of Judge Kengis's alleged bias against them or against pro se litigants in general, nor does the record reveal any. Instead, plaintiffs refer to rulings that the trial court made against them as the basis for their argument. But rulings against a party, even if erroneous, do not establish a basis for disqualification, *In re MKK*, 286 Mich App at 566, so the trial court did not err in denying plaintiffs' motion for disqualification.

## C. SANCTIONS

Plaintiffs fault the trial court for awarding defendant sanctions in the form of his reasonable attorney fees under MCR 1.109(E)(6). We review an award of sanctions under MCR 1.109(E) for abuse of discretion, and we review supporting factual findings for clear error. *Sprenger v Bickle*, 307 Mich App 411, 422-423; 861 NW2d 52 (2014). An abuse of discretion occurs only when "the trial court's decision falls outside the range of principled outcomes." *Macomb Co Dep't of Human Servs v Anderson*, 304 Mich App 750, 754; 849 NW2d 408 (2014). A decision is clearly erroneous when, "although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

According to MCR 1.109(E)(5)(b), a signature of a person filing a document, "whether or not represented by an attorney," certifies that, to the best of the signer's "knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted

by existing law or a good-faith argument for the extension, modification, or reversal of existing law[.]" The reasonableness of the inquiry is judged by an objective standard, not by the subjective good faith of the inquirer. *New Covert Generating Co, LLC v Covert Twp*, 334 Mich App 24, 91; 964 NW2d 378 (2020). "A claim is devoid of arguable legal merit if it is not sufficiently grounded in law or fact, such as when it violates basic, longstanding, and unmistakably evident precedent." *Id.* (quotation marks, citation, and alteration omitted). The signer also certifies that "the document is not interposed for any improper purpose . . . ." MCR 1.109(E)(5)(c).

Whenever a document is signed in violation of MCR 1.109(E)(5), "the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees." MCR 1.109(E)(6). Sanctions are mandatory for all documents filed in violation of MCR 1.109(E)(5). See *Cove Creek Condo Ass'n v Vistal Land & Home Dev, LLC*, 330 Mich App 679, 709; 950 NW2d 502 (2019). And the language of MCR 1.109(E) makes clear "that sanctions may be imposed upon unrepresented parties who sign their own pleadings . . . ." *People v Herrera*, 204 Mich App 333, 338; 514 NW2d 543 (1994).

The trial court did not abuse its discretion by imposing sanctions under MCR 1.109(E) for plaintiffs' submission of objections to defendant's proposed order and for the filing of plaintiffs' October 22, 2021 summary disposition motion. After the hearing on defendant's motion for partial summary disposition, defendant's attorney submitted a proposed order under MCR 2.602(B)(3), which states that "[w]ithin 7 days after the granting of the judgment or order . . . a party may serve a copy of the proposed judgment or order on the other parties, with a notice to them that it will be submitted to the court for signing if no written objections to its accuracy or completeness are filed with the court clerk within 7 days after service of the notice. . . ." Here, plaintiffs' objections to the proposed order were based on allegations that defendant did not provide proper notice of the motion hearing and that the trial court erroneously found that notice had been properly provided. Plaintiffs further asserted that the trial court never responded to their motion for virtual hearings. None of those objections was warranted by existing law, i.e., MCR 2.602(B)(3), because they did not pertain to the form of the proposed order.

Additionally, to the extent that plaintiffs believed that such objections were warranted by existing law, that belief was not formed after reasonable inquiry. In fact, it defies logic to surmise that plaintiffs had such a belief. Although courts typically afford a degree of leniency to litigants engaged in self-representation, "[a]ppearance in pro per does not excuse all application of court rules." *Bachor v Detroit*, 49 Mich App 507, 512; 212 NW2d 302 (1973). Indeed, earlier in this case, plaintiffs had filed objections to defendant's proposed order granting defendant's motion for summary disposition—the order that was the subject of plaintiffs' first appeal. Most of plaintiffs' objections in that filing contested the trial court's decision to grant defendant's motion. Defendant responded by noting various ways in which the objections failed to comply with MCR 2.602(B)(3), and the trial court denied plaintiffs' objections on the basis that the objections did not comply with MCR 2.602(B)(3). That experience necessarily made plaintiffs aware of MCR 2.602(B)(3) and its requirements. In the very same situation in 2021, plaintiffs made substantially the same error. Plaintiffs' claim that they were not aware until recently that they could only object to the accuracy and completeness of a proposed order is belied by the record. Given plaintiffs' previous experience in this case that drove home the requirements of MCR 2.602(B)(3), we conclude that the trial court

did not abuse its discretion by imposing sanctions under MCR 1.109(E)(6) for plaintiffs' filing of objections to defendant's proposed order.

Additionally, the trial court sanctioned plaintiffs for filing a summary disposition motion on October 22, 2021. Plaintiffs moved for summary disposition under MCR 2.116(C)(3), which allows summary disposition if service of process was insufficient. Plaintiffs do not understand the meaning of "process." Plaintiffs have exhibited some familiarity with the Michigan Court Rules, and a reasonable inquiry to determine the meaning of "process" would have led them to Michigan Court Rule Subchapter 2.100, which includes "service of process" in its heading. MCR 2.105(A) addresses the manner of service on individuals and makes clear that "process" refers to a summons and a copy of the complaint filed by a plaintiff to commence a civil action. Even a cursory inquiry would have informed plaintiffs that MCR 2.116(C)(3) was inapplicable because a notice of hearing was neither a summons nor a complaint, documents with which plaintiffs were familiar because they filed those document to initiate this civil action. Plaintiffs assert that they honestly believed that the motion for summary disposition was appropriate. But a litigant's subjective good faith is not the standard by which a court determines whether plaintiffs made a reasonable inquiry before signing and filing a document. *New Covert Generating Co, LLC*, 334 Mich App at 91.

Moreover, plaintiffs' summary disposition request under MCR 2.116(C)(3) was not well-grounded in fact because it was based, in part, on the purported improper notice of the October 18, 2021 hearing. The other allegations concern unfair treatment of plaintiffs prior to our remand of this case. Those allegations regarding the October 18 hearing are contradicted by the transcript of that hearing, where the trial court found that the record revealed "proper notice of hearing that was sent to [plaintiffs'] last known address for today's hearing." The trial court went on to note that it had tried to call plaintiffs before the hearing, but was unsuccessful because their telephone number had been disconnected. Plaintiffs' claim in their motion for summary disposition that "Defendant was allowed to get away with not notifying the Plaintiffs because the court could not reach the Plaintiffs by phone regarding another motion" finds no support in the record. Indeed, it is directly contrary to the trial court's findings on the record at the hearing on October 18. Plaintiffs' motion, therefore, was not well-grounded in fact. That would have been obvious from a reasonable inquiry. See MCR 1.109(E)(5). Consequently, the trial court did not abuse its discretion when it sanctioned plaintiffs for filling a legally frivolous and factually inaccurate motion.

Finally, plaintiffs contend that defendant's attorney did not show that the attorney fees that he requested were the actual attorney fees he charged his client. When a trial court awards attorney fees, the award is for "reasonable" fees, not necessarily actual fees. See *Smith v Khouri*, 481 Mich 519, 528 & n 12; 751 NW2d 472 (2008). Plaintiffs have not challenged the trial court's finding that the attorney fees requested were reasonable, so plaintiffs' challenge to the attorney-fee award is unpersuasive.

## D. INVOLUNTARY DISMISSAL

Plaintiffs insist that the trial court erred by dismissing their case under MCR 2.504(B)(1) because the second amended complaint was filed late. Plaintiffs acknowledge that they filed their second amended complaint three days after the deadline set by the trial court's November 15, 2021 order, but plaintiffs contend that dismissal was improper because they did not receive the order on

time. "This Court reviews a trial court's decision to dismiss an action under an abuse of discretion standard." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995).

Under MCR 2.504(B)(1), if a party "fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." Defendant sought dismissal of plaintiffs' case under MCR 2.504(B)(1) after plaintiffs failed to comply with the trial court's order granting plaintiffs leave to file a second amended complaint within 21 days of November 15, 2021. Contrary to plaintiffs' assumption, their receipt of the order had no impact on that deadline. Under the language of the order, the 21-day clock started running upon entry of the order, not plaintiffs' receipt of the order. The order was signed, date-stamped, and recorded in the register of actions on November 15, 2021. Further, even if it was error for defense counsel to fail to serve a copy of the November 15 order on plaintiffs within seven days after the trial court signed it, as required by MCR 2.602(E)(1), the error was harmless. Before plaintiffs received their copy of that order, they knew that their second amended complaint was due by December 6, 2021, because the trial court told them so at the November 15 hearing. Therefore, although there was a delay between the entry of the order and plaintiffs' receipt of that order, they cannot show that that delay prejudiced them. Plaintiffs had known since October 18, 2021, that the trial court was going to grant them leave to file a second amended complaint, and they knew on November 15 that they had 21 days from that date to file the pleading. Under these circumstances, the trial court did not abuse its discretion by granting defendant's motion to dismiss the case.

Additionally, plaintiffs argue that the trial court dismissed their case in retaliation for their motion to disqualify the trial judge. This allegation finds no support in the record. At the hearing on October 18, 2021, four days before plaintiffs moved to disqualify the trial judge, the judge told plaintiffs that he would afford them leave to file a second amended complaint, but the case would be dismissed if the amended complaint was not filed within 21 days. The trial court then extended that deadline, giving plaintiffs 21 days from the hearing on November 15 to file a second amended complaint. The fact that the trial court's dismissal of plaintiffs' case occurred just as the trial court outlined is convincing evidence that the trial court did not dismiss plaintiffs' case in retaliation for their subsequently filed disqualification motion. In sum, the trial court did not abuse its discretion when it dismissed plaintiffs' case pursuant to MCR 2.504(B)(1).

E. UNFAIR TREATMENT

Plaintiffs claim that the trial court allowed defendant's counsel to make mistakes on several occasions, and they now request that this Court explain why that was permitted. Plaintiffs' analysis of this issue is brief, consisting of a mere three sentences that fail to identify any supposed errors by defendant's counsel. This request for an explanation is a common theme throughout plaintiffs' brief. In their statement of facts, plaintiffs identify at least 35 rulings and other issues in the trial court and they ask this Court to explain why the rulings were made or why something was allowed to occur. Plaintiffs' requests for clarification include questions such as "[w]hy is the justice system so one sided" and "[w]hy did the court of appeals allow all of this injustice?"

This Court is an error-correcting court. Our "purpose is to determine if the trial court made an error when it rendered its decision." *Wolfenbarger v Wright*, 336 Mich App 1, 27; 969 NW2d 518 (2021). To properly present claims of error to this Court, appellants must specify their issues

-8-

in the statement of questions presented section of their brief on appeal, *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004), which should state "concisely and without repetition the questions involved in the appeal." MCR 7.212(C)(5). Moreover, failure to provide argument in support of a claim of error will result in this Court deeming that issue to be abandoned. *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.").

Plaintiffs make numerous requests to this Court to explain why something occurred (or did not occur) in the trial court or to explain the propriety of certain court actions. But these requests misconstrue this Court's role, which is to determine if the trial court erred in rendering its decision. *Wolfenbarger*, 336 Mich App at 27. An appellant fails to properly present an issue for this Court's review by merely identifying an occurrence in the lower court and then requesting an explanation, without any argument or authority to suggest that the occurrence was some sort of error. Therefore, plaintiffs have failed to properly present to this Court any instance of unfair treatment for which relief may be warranted on appeal.

In addition, many issues raised in this appeal were already raised and addressed in our first look at this case on appeal in 2020. The panel in that appeal concluded that there was "simply no evidence that the court treated the Jensens unfairly." *Jensen*, unpub op at 6. Because those issues were already decided by a panel of this Court, we are now precluded from revisiting those issues. See *Rott v Rott*, 508 Mich 274, 286-287; 972 NW2d 789 (2021) (holding that the law-of-the-case doctrine applies to issues decided on appeal, and provides that "an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals" if the facts remain materially the same). Thus, we need not—and cannot—say anything definitive about those issues on plaintiffs' return trip to this Court.

Affirmed.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Christopher P. Yates